VAN SICLEN v. HERBST.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

REAL-ESTATE BROKER—RIGHT TO COMMISSION—QUESTION FOR JURY.

In an action by a real-estate broker to recover commissions for procuring a purchaser for property owned by the defendant, it appeared that the latter had employed the plaintiff, in 1890, to sell the property for $10,000; that in July or August, 1892, plaintiff procured a purchaser willing to buy at that

figure; and that the defendant refused to negotiate with him, but subsequently sold the property to the proposed purchaser, through another broker, for $11,000. The defendant testified that in April, 1892, both orally and by letter, he had terminated the plaintiff's employment. This the plaintiff denied. *Held*, that as, under the circumstances, the defendant had the right to terminate the employment, the only question presented was whether he did so, and that the finding of the jury in plaintiff's favor should not be disturbed.

Appeal from trial term, Kings county.

Action by Albert W. Van Siclen against Louis Herbst. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

J. Fred Cryer, for appellant.

Adolph Kiendl, for respondent.

PER CURIAM. This action is brought to recover commissions as broker on a sale of a piece of real estate owned by the defendant. The case involves a mere question of fact. It is conceded that in 1890 the defendant employed the plaintiff to sell the property for $10,000. It is also conceded that the employment continued until about the month of April, 1892. The defendant testified that at this time, both orally and by letter, he terminated the plaintiff's employment. This the plaintiff denied. In July or August of 1892, the plaintiff procured a purchaser who was willing to buy the property for $10,000. The defendant refused to negotiate with him. The proposed purchaser subsequently bought the property, through another broker, for the sum of $11,000. The property having been so long in the plaintiff's hands unsold, the defendant had unquestionably the right to terminate the plaintiff's employment; and so the trial court charged. The defendant had also the right to increase the selling price of his property. But until the plaintiff's employment was terminated, or notice given to him of the change of price, he was justified in continuing his efforts for a sale, and he was entitled to his compensation whenever he obtained a purchaser who was willing to take the property on the terms which his principal had prescribed. The whole case, therefore, turned on the question whether the defendant had ended the plaintiff's employment. This question the jury decided in plaintiff's favor.

The judgment and order appealed from should be affirmed, with costs.