ALBERT W. VAN SICLEN, Respondent, *v.* LOUIS HERBST, Appellant.

*Real estate broker's commission — right to continue his efforts to sell until notified to the contrary by his principal.*

The owner of property, who has placed it in the hands of a real estate broker to sell, has a right to terminate the broker's employment, or to increase the selling price of his property, but until the employment is terminated, or notice of such change of price is given to the broker, the latter is justified in continuing his efforts to effect a sale, and, on obtaining a purchaser willing to take the property on the terms which the principal has prescribed, he is entitled to his commissions.

APPEAL by the defendant, Louis Herbst, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of January, 1896, upon the verdict of a jury, and also from an order, entered in said clerk's office on the 14th day of January, 1896, denying the defendant's motion for a new trial made upon the minutes.

*J. Fred. Cryer,* for the appellant.

*Adolph Kiendl,* for the respondent.

PER CURIAM:

This action is brought to recover commissions as broker on a sale of a piece of real estate owned by the defendant. The case involves a mere question of fact. It is conceded that in 1890 the defendant employed the plaintiff to sell the property for $10,000. It is also conceded that the employment continued until about the month of April, 1892. The defendant testified that at this time, both orally

SECOND DEPARTMENT, MAY TERM, 1898.      [Vol. 30.

and by letter, he terminated the plaintiff's employment. This the plaintiff denied. In July or August of 1892 the plaintiff procured a purchaser who was willing to buy the property for $10,000. The defendant refused to negotiate with him. The proposed purchaser subsequently bought the property through another broker for the sum of $11,000. The property having been so long in the plaintiff's hands unsold, the defendant had unquestionably the right to terminate the plaintiff's employment, and so the trial court charged. The defendant had also the right to increase the selling price of his property; but until the plaintiff's employment was terminated, or notice given to him of the change of price, he was justified in continuing his efforts for a sale, and he was entitled to his compensation whenever he obtained a purchaser who was willing to take the property on the terms which his principal had prescribed. The whole case, therefore, turned on the question whether the defendant had ended the plaintiff's employment. This question the jury decided in plaintiff's favor.

The judgment and order appealed from should be affirmed, with costs.

All concurred, except BARTLETT, J., absent.

Judgment and order affirmed, with costs.