A. G. COOLIDGE, TRUSTEE IN BANKRUPTCY, *v.* LAMSON
AYERS.

January Term, 1904.

Present: ROWELL, C. J., TYLER, START, WATSON, and STAFFORD, JJ.

Opinion filed May 21, 1904.

*Bankruptcy—Preference—Sale by Preferred Creditor—Void-*
*ability—Innocent   Purchaser—Warranty of Title—Es-*
*toppel—After-Acquired Title.*

When one, with express warranty of title, sells personal property which
    he does not own, his title thereto subsequently acquired inures to
    the benefit of the vendee by estoppel.

When a debtor executes to his creditor a release, with full knowledge
    that the creditor has taken certain attachable property belonging
    to the debtor, and within the following month is adjudged a bank-
    rupt, this transfer constitutes a preference within the U. S. Bank-
    ruptcy Act, 1898.

When a bankrupt's preferred creditor sells property, the transfer of
    which created the preference, to a third person, the latter's title
    thereto is not voidable, under the U. S. Bankruptcy Act, 1898, if
    he purchased in good faith, without notice, and for valuable con-
    sideration.

Whether such third person did so purchase is, under the evidence in
    this case, a question for the jury,

A party is entitled to have the whole case submitted to the jury,
    either for a general verdict, or for such special findings as will
    be determinative of the case.

TROVER for a piano.   Plea, the general issue.   Trial by
jury at the September Term, 1903, Rutland County, *Munson,*
J., presiding.   Judgment for the plaintiff on special verdicts.
The defendant excepted.

This case came to the county court on appeal from the
city court for the city of Rutland.   The opinion states the
case.

*Joseph Enright* and *Edward R. Buck* for the defendant.

The trustee cannot follow the property into the hands of a *bona fide* purchaser. Collier Bankr. (3 ed.) 357-369; *In Re Mullins,* 4 Am. B. Rep. 224; Brandenburg Bankr. (2 ed.) 731.

*Butler & Moloney* for the plaintiff.

It follows from the special verdict that the McPhail Piano Co. never owned the piano, so the defendant was the mere bailee of McClure, and converted it when he refused to deliver same to the plaintiff. *Gleason* v. *Beers,* 59 Vt. 323; *Swift* v. *Moseley,* 10 Vt. 208; *Cramton* v. *Valido Marble Co.,* 60 Vt. 302.

The pretended sale by the McPhail Piano Co. did not amount to a conversion, and no action lies against the company. *Deering* v. *Austin,* 34 Vt. 330; *Amadon* v. *Myers,* 6 Vt. 308; *Lowery* v. *Walker,* 4 Vt. 76; *Clark* v. *Smith,* 52 Vt. 529.

McClure had no action against anyone except the bailee, after demand and refusal. *Swift* v. *Moseley,* 10 Vt. 208; *Spaulding* v. *Robbins,* 42 Vt. 90; *Hodges* v. *Clark,* 46 Vt. 418; *Babcock* v. *Culver,* 46 Vt. 715.

WATSON, J. In the fall of 1899, Marvin McClure caused the piano in question, which he then owned, to be placed in the house of the defendant. The piano was not then sold to the defenant, but McClure left it there in his possession for trial, hoping to sell it to him. In March, 1900, McClure, being largely indebted to the McPhail Piano Company, was requested by the manager of that company to turn out to it to apply on his indebtedness to the company sundry pianos in possession of various persons, of which pianos was the one

in controversy. The testimony was conflicting as to whether in fact the pianos were turned out to the company. But it appeared that when McClure was so requested, the manager of the company told him that they should take possession of the pianos and apply the proceeds thereof to his account.

In June, 1900, the company's agent had an interview with the defendant wherein he represented that the company was the owner of the piano in question. Thereupon the defendant, acting in good faith and believing the said representation regarding the ownership of the piano to be true, bought it of the company and paid full value therefor. At the same time the company gave to the defendant a bill of sale guaranteeing the title.

In December, 1900, McClure, with full knowledge that the company had taken this and other pianos, executed to it a written release under seal of claims and demands against it, to which release was attached a list of the pianos taken by the company, including the one in question. McClure in January, 1901, was adjudged a bankrupt. Later the plaintiff was appointed trustee of the bankrupt estate, and he brings this action as such trustee to recover the value of the piano in the defendant's possession.

The case was submitted to the jury by three questions to be answered, namely: First, did the officer before serving the writ in the cause make a demand on the defendant for the piano in question? To which the jury answered, Yes. Second, did McClure, in March, 1900, turn out the piano in question to the McPhail Piano Company? This question was answered, No. Third, what was the value of the piano in question in December, 1902? The answer was $225. To the refusal of the court to submit the whole case to the jury, the defendant seasonably objected and excepted. Judgment was

rendered on the special findings for the plaintiff to recover $225 with interest thereon from January, 1902, to which defendant also excepted.

The second special finding shows that the company had no title to the piano in June, 1900, consequently the company conveyed no title to the defendant in its sale to him. This sale, however, was with the company's express warranty of title, and the subsequently acquired title by the company from McClure inured to the benefit of the defendant by virtue of estoppel. *Sherman* v. *The Champlain·Trans. Co.,* 31 Vt. 162.

Clearly the transfer by McClure to the company under the circumstances shown by the record constituted a preference within the meaning of the bankrupt law, and the company had reasonable cause to believe that it was so intended. Since the proceedings in bankruptcy were commenced within four months thereafter, the preference was voidable by the trustee and he could recover the property or its value from the preferred creditor. Bankruptcy Act 1898, § 60.

The question then arises whether the defendant's title acquired subsequently from the preferred creditor is voidable. This depends upon whether the defendant took the property under his purchase in good faith and without notice and for a valuable consideration. If he did so take it, his title is not voidable; but if he did not, his title is no more secure against the trustee in bankruptcy than would be that of the preferred creditor had he not transferred the property. Brandenburg on Bankruptcy (2nd ed.) 731; *Rison* v. *Knapp,* 4 N. B. R. 349; *In re Mullen,* 4 Am. B. R. 224.

It is argued by the plaintiff that the fact that the defendant took a bill of sale of the piano, with warranty of title, shows that he did not act in good faith and without notice in making the purchase. In determining the force of this fact

as evidence either for or against the defendant, it must be considered in the light of the other circumstances in the case. The piano was left in the defendant's possession by McClure, the then owner.   About three months later the McPhail Piano Company claimed to own it and sold it to the defendant, receiving full value therefor.   Under these circumstances, a jury might say that the defendant took the bill of sale with warranty wholly for his own protection, and that it has no evidenciary significance in the manner claimed, by the plaintiff.   Whether the defendant took the piano from the company in good faith, without notice, and for a valuable consideration was a question of fact essential to the proper disposition of the case, and it should have been submitted to the jury. A party is entitled to have the whole case submitted either for a general verdict or for such special findings as will be determinative of the case.   The defendant's exception to the refusal of the court to submit the whole case is therefore available, as is also his exception to the judgment.

*Judgment reversed and cause remanded.*