(45 Misc. Rep. 622)

MOORE v. BOEHM.

(Supreme Court, Appellate Term.  December 7, 1904.)

1. BROKERS—COMMISSIONS—PERFORMANCE OF CONTRACT—ISSUES.
    Where, in an action for broker's commissions, plaintiff's employment was admitted, and the only issue was whether it had been terminated by notice, it was not error to refuse to submit to the jury the question whether plaintiff had procured a purchaser within a reasonable time.

2. SAME—PERFORMANCE OF CONTRACT—TIME.
    Where a broker finds a purchaser at the seller's terms while still employed, the reasonableness of the time which he has taken to do so is immaterial.

3. SAME—ABANDONMENT OF CONTRACT—DEFENSES—PLEADING.
    In an action for broker's commissions, an alleged abandonment of the broker's employment to sell is a matter of defense, which the plaintiff is not bound to negative.

4. SAME—TENDER OF PERFORMANCE—WAIVER.
    Where defendant absolutely refused to deal with the purchaser procured by a broker employed to sell defendant's property, a tender of the cash required to bind the sale by the purchaser was waived, for the purposes of the broker's right to recover commissions.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action for broker's commissions by Godfrey B. Moore against Solomon Boehm.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-DERSLEEVE, JJ.

Joseph Wilkenfeld, for appellant.
Merman M. Schaap, for respondent.

BISCHOFF, J.  The plaintiff's employment as broker to effect a sale of the defendant's real estate was admitted, and the actual issue was whether that employment had been terminated by notice; but the defendant requested the court to leave to the jury the question whether the plaintiff had procured a purchaser within a reasonable time, which request was refused, and the refusal is urged as ground for a reversal.  That the plaintiff did procure a purchaser, at the terms fixed, some six months after the commencement of the employment, and that the defendant refused to sell, are facts which the evidence supports, and the only possible question which may arise upon the record is presented by the refusal to leave this question of the reasonableness of time to the jury.  We find no error in the ruling.  The broker's engagement is to use his efforts to find a purchaser while his employment as broker endures, but he does not agree to find a purchaser within any specified time or at all.  If, while still employed, he finds one, at the seller's terms, he is entitled to his commissions, but the question of the reasonableness of the time which he has taken does not affect the performance of any contract upon his part.  The lapse of time between the day of employment and the production of a purchaser may have a bearing upon the duration of the employment itself, since an unreason-

able delay may import an abandonment upon the broker's part, upon which the principal may rely, or would justify the principal's termination of the employment, as against an imputation of bad faith. See Sibbald v. Bethlehem Iron Works, 83 N. Y. 378, 38 Am. Rep. 441. An abandonment, however, equally with an express termination of the employment, is matter of defense, and has not to be negatived by the plaintiff in the course of his proof to support a cause of action for commissions. Thus, in Van Siclen v. Herbst, 30 App. Div. 255, 51 N. Y. Supp. 968, and Atwater v. Wilson, 13 Misc. Rep. 117, 34 N. Y. Supp. 153, the broker's case in chief was deemed not to be affected by a delay much greater than that which occurred here.

As we have indicated, the broker does not sue upon his performance of his own promise to find a purchaser; thus importing performance within a reasonable time as an element of his own case. The promise is wholly the principal's, and the broker avails himself of it, with the hope of the reward thus held out for his successful efforts. But the promise is for a reasonable time, and, if the broker's success is delayed unreasonably, he may be met with the assertion that the time has run. At this point, however, it is the principal who interposes a new fact to change the existing order, and to show that a promise once made is unenforceable because of an implied limitation which the facts have brought into operation; hence, upon familiar principles, the affirmative is with the defendant. This rule results in better justice, since the broker should properly be apprised that a question as to the reasonableness of the time taken is to be raised, in order that he may be prepared with evidence as to the activity of the market, and other proof bearing upon the question, as related to the particular case.

There being no defense of abandonment, and the question of time having nothing to do with the single issue tendered upon the defendant's part—the giving of actual notice of termination—the instruction requested had no materiality to the issues, and the defendant cannot assert prejudice of the ruling.

The suggestion that the purchaser procured was not shown to be possessed of the cash required to bind the sale overlooks the actual facts in evidence, and, further, the defendant's absolute refusal to deal with the purchaser excused the omission of a tender at the time, for the purposes of the broker's cause of action. See Mooney v. Elder, 56 N. Y. 238.

The judgment must be affirmed, with costs. All concur.