C. B. HARTFORD *vs.* DENNIS MCGILLICUDDY.

Androscoggin.    Opinion November 26, 1907.

*Contracts of Agency.    Duration of Same.    Real Estate Brokers.    Commissions.*

If a real estate broker procures and produces a purchaser ready and willing and able to complete the purchase on the authorized terms and through the fault of the owner, the sale is not consummated the commission is due.

In the case at bar, the defendant, in 1896, placed in the hands of the plaintiff, a real estate agent, certain real estate to be sold at a given price and for selling the same the plaintiff was to have a commission. The defendant never withdrew the property from the hands of the plaintiff, and there was no express revocation of the contract by the defendant and no revocation by implication or by law. In 1906, after having made several unsuccessful efforts to sell the same, the plaintiff effected the sale of the property on the authorized terms but the defendant refused to make the conveyance. The plaintiff then brought suit to recover his commission. The verdict was for the plaintiff.

*Held:* (1) That the relation between the parties was that of principal and agent, and while no definite period of time was expressly agreed upon during which the agency was to continue yet the agency being established for a particular purpose, to wit, to sell the real estate, it was presumed to continue until the sale was effected, and the burden was on the defendant to rebut this presumption. Cases involving the question of reasonable time within which an offer of reward is held to continue, are not analogous.

(2) That the special findings by the jury that the defendant in 1896

authorized the plaintiff to sell the land in question for $2800 and that he procured a purchaser for the land at that price, as well as the general verdict, are sustained by the evidence. (3) That the fact that a partner of the would be purchaser had attempted to buy direct of the owner and the owner had refused to sell, should not deprive the plaintiff of his commission as he had no knowledge of that fact and acted in good faith.

Contracts of agency may be terminated by operation of law but such cases fall within one of three classes, a change in the law making the required acts illegal, a change in the subject matter of the contract as the destruction of the property by fire, or a change in the condition of the parties, as by death or insanity. But the case at bar falls within none of these classes.

On motion by defendant. Overruled.

Assumpsit by the plaintiff, a real estate agent, to recover a commission of two per cent on the price, $2800, fixed by the owner for the sale of certain real estate in Lewiston, the plaintiff claiming that he procured a customer on the authorized terms but that the defendant refused to make the conveyance. Plea, the general issue with a brief statement interposing the statute of limitations.

Tried at the April term, 1907, of the Supreme Judicial Court, Androscoggin County. Verdict for plaintiff for $56.00. The following questions were also submitted to the jury. 1. "Did the defendant in 1896 authorize the plaintiff to sell the land in question for $2800?" 2. "Did the plaintiff in 1906 procure a purchaser for the land for the price of $2800?" The jury answered both questions in the affirmative. The defendant then filed a general motion to have the verdict set aside.

All the material facts are stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*Frank W. Butler*, for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, SPEAR, CORNISH, JJ.

CORNISH, J. This is an action of assumpsit brought by a real estate agent to recover a commission of two per cent on the price fixed by the owner for the sale of real estate, the plaintiff claiming that he procured a customer on the authorized terms but that the defendant refused to make the conveyance.

The jury found for the plaintiff and the defendant by motion asks to- have the verdict set aside on two grounds, first, because whatever authority had been given by him to the agent to make a sale had been revoked by operation of law, and second, because as a matter of fact, the plaintiff did not procure the purchaser. So far as material to the questions before us, the evidence shows the following facts.

The plaintiff is a real estate agent residing in Lewiston, where the defendant also resided up to the year 1896, when he moved with his family to North Jay where he has since made his home. Just prior to his leaving Lewiston, the defendant placed in the plaintiff's hands for sale, certain vacant real estate in Lewiston, the price as claimed by the defendant to be $3000, or as claimed by the plaintiff, the asking price to be $3000 but the lowest figure to be $2800. The plaintiff at once placed his signs upon the land where they remained for many years and as he says, until shortly after this suit was begun. From time to time he endeavored to sell the property to various parties but without success. In 1901 or 1902 he wrote the defendant suggesting the advisability of selling off the wood lot, but the defendant preferred to sell the whole together. In 1903 he had an interview with one Bridgham concerning a sale, but the latter wished only to purchase one portion and negotiations therefore ceased for the time. In December, 1905, a Mr. Whitten, who was interested with Mr. Bridgham, wrote directly to the defendant offering $2000 for the property and the defendant replied declining that offer but making a counter offer to sell for $2800. Early in April, 1906, Mr. Whitten went to North Jay to interview the defendant but the latter refused to stand by his offer. On April 19, 1906, Mr. Bridgham, went again to the plaintiff, who knew nothing of the attempted trade between Mr. Whitten and the defendant, renewed the negotiations of some years before and offered $2800 for the entire property which the plaintiff accepted. A check for one hundred dollars was given on that day to bind the bargain and within a week a tender of the remaining $2700 was made to the plaintiff. The plaintiff notified the defendant of the sale as soon as it was made, and the defendant's wife who held the title,

replied, at first denying the plaintiff's authority to sell at any price, and later denying that he was authorized to sell for $2800, and refusing to make the transfer.   This suit resulted.

The defendant's first contention is that where no time limit is agreed upon by the parties, a real estate broker is entitled to only a reasonable time in which to find a purchaser, and if no purchaser is found within a reasonable time, the contract terminates by operation of law; that what is a reasonable time is a question of law and that under the facts of this case the court must hold that the authority given to the plaintiff in 1896 was revoked by operation of law prior to 1906.

We are unable to reach that conclusion.   The relation between these parties is that of principal and agent and the rights and liabilities of a real estate agent under such circumstances are well settled.   The principal in 1896 conferred upon the agent the authority to sell the real estate at a given price.   It is true that no definite period of time was expressly agreed upon during which the agency was to continue.   That was unnecessary.   Its duration was fixed in another way.   It was established for a particular purpose and was therefore in the contemplation of the parties to continue until that purpose was accomplished unless sooner terminated by revocation or otherwise.   Clark and Skyles Agency, Vol. 1, sec. 154. The plaintiff was appointed to sell this land, and his agency, once established, was presumed to continue until the sale was effected, and the burden was on the defendant to rebut the presumption. *Bourke* v. *Van Keuren*, 20 Col. 95.   That burden the defendant has not sustained.   Such termination may be proved by express revocation on the part of the principal, *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, or by such conduct of the parties or such circumstances as would justify the conclusion that there had been in fact a termination.   But that is a question of fact for the jury and not of law for the court.   The only evidence in this case tending to prove such termination by implication was the lapse of a period of ten years between the creation of the agency and the accomplishment of its purpose.   That was simply one fact to be considered by the jury and over against it was other evidence tending strongly to

negative such a termination. The plaintiff's signs remained on the premises and more or less correspondence passed between the parties during all these years. The defendant had never returned to Lewiston to attend to the sale of the property himself nor had he withdrawn it from the plaintiff's hands and placed it in the charge of any other agent. Of striking significance too, is his admission that in his interview with Mr. Whitten he asked the latter if the plaintiff had anything to do with the sale, and that the reason for this inquiry was to ascertain whether the plaintiff was instrumental in making the sale. He doubtless had in mind the question of commissions but that could only arise in case the plaintiff were still his agent. It is evident that the continuance of the agency was recognized by the defendant as well as by the plaintiff.

Contracts of agency may be terminated by operation of law but such cases fall within one of three classes, a change in the law making the required acts illegal, a change in the subject matter of the contract as the destruction of the property by fire, or a change in the condition of the parties, as by death or insanity. I Clark and Skyles Agency, sec. 181. Within none of these classes does the present case fall.

The authorities cited by the defendant as to the reasonable time within which an offer of reward is held to continue are not analogous. In those cases the proposal is made to all the world and the courts properly hold that such proposal as a mere offer must be accepted by performance within a reasonable time or in the absence of other facts, the law will presume a revocation after a reasonable time. *Mitchell* v. *Abbott*, 86 Maine, 338.

But in the case at bar there was a completed contract of agency for a special purpose and it was presumed to continue until that purpose was accomplished unless revoked in fact. There was no evidence of revocation in this case other than the mere lapse of time and the jury have found that not to be sufficient, in which conclusion we concur.

The second point raised by the defendant is that the evidence does not sustain the finding of the jury that the plaintiff procured a purchaser for the land in 1906 for $2800. The rule as laid down

in recent decisions in this State requires that the agent shall procure and produce to the principal a customer willing and prepared to purchase and pay for the property at the price and on the terms given by the principal to the agent. *Garcelon* v. *Tibbetts,* 84 Maine, 148 ; *Smith* v. *Lawrence,* 98 Maine, 92.

In the case at bar the jury returned special findings that the defendant in 1896 authorized the plaintiff to sell the land in question for $2800 and that he procured a purchaser for the land for the price of $2800. The precise point was therefore brought sharply to their attention. These special findings as well as the general verdict are sustained by the evidence. The plaintiff's negotiations with the purchaser Bridgham began three years before the sale and then were broken off. The plaintiff alone brought the matter to Mr. Bridgham's attention. These negotiations were renewed and completed in April, 1906. The fact that in the meantime Mr. Bridgham's partner had also unsuccessfully attempted to negotiate with the owner, ought not to destroy the plaintiff's claim, as the plaintiff was in entire ignorance of that fact and acted in the utmost good faith in making the sale. To hold otherwise would be to afford too great temptation to owners of property to repudiate the commissions of their agents after a sale had been consummated.

If a real estate broker procures and produces a purchaser ready and willing and able to complete the purchase on the authorized terms and through the fault of the owner, the sale is not consummated the commission is due. *McGavock* v. *Woodlief,* 20 How. (U. S.) 221 ; *Garcelon* v. *Tibbetts,* 84 Maine, 148. The jury have found that state of facts in this case and the evidence does not warrant the reversal of the verdict.

*Motion overruled.*