G. W. Bradley *v.* Amos N. Blandin and Somerset Land Company.

October Term, 1915.

Present: Munson, C. J., Watson, Haselton, Powers, and Taylor, JJ.

Opinion filed November 22, 1915.

*Practice Act—Precedent Ruling of Trial Court—Effect on Review — Pleading — Declaration—Sufficiency—Conclusion of Law—Promise to Answer for Debt of Another—Joint Contract of Principal and Agent—Formal Introductory Phraseology of Counts—Omission—Materiality.*

The Practice Act, No. 90, Acts 1915, does not prevent the review of a ruling, made before the passage of that act, under the law in force when such ruling was made.

A declaration alleging the joint and several promise of defendant company and codefendant to pay plaintiff a commission for selling land owned by the company, of which codefendant was an ·officer and agent empowered by the company to sell the land and to employ others, especially plaintiff, to sell it, alleging performance by plaintiff and a breach of such promise by the company and codefendant, is not argumentative in stating codefendant's authority as a legal conclusion, for the allegation in respect thereof is one of fact as to the scope of the alleged agency.

Such declaration is not bad for alleging an impossible promise by an agent to be bound jointly and severally with his principal, for an agent may bind himself in his individual capacity jointly and severally with his. principal.

Such declaration is not bad for failure to show a consideration for the alleged agent's promise, for such consideration is shown as moving from plaintiff in reliance on the agent's joint and several undertaking.

Such a declaration is not bad as counting on the agent's promise to answer for the debt of another, and in failing to allege that such promise was in writing, for the count sets out the agent as an original promisor, and it is sufficient that the consideration is alleged to have moved from plaintiff by virtue of defendants' joint and several promise.

Where a declaration consists of three counts, but the third lacks the
usual introductory phrase, "In a further plea of the case," the.
omission is immaterial.

ASSUMPSIT. Heard on demurrer to the declaration at the
June Term, 1915, Bennington County, *Waterman*, J., presiding.
Demurrer overruled, *pro forma*, and declaration adjudged suf-
ficient. The defendants excepted. The opinion states the case.

*Clarke C. Fitts* and *Hermon E. Eddy* for the defendants.

*Batchelder & Bates* and *F. C. Archibald* for the plaintiff.

HASELTON, J. This case comes up on demurrer to the plain-
tiff's declaration. The demurrer was overruled, exceptions
taken and an order made passing the case to this Court before
trial, all before the Practice Act took effect.

That act, as is suggested in argument, provides that it shall
apply "to cases in Supreme Court in which exceptions have not
been finally settled." It does not appear from anything before
us when the bill of exceptions was settled and signed, though it
was not filed until a few days after the Practice Act took effect.

As we construe the act, we are not here prevented from pass-
ing upon the correctness of the trial court's ruling under the
law in force when the ruling was made. We treat the case ac-
cordingly.

The declaration is in three counts. The first count sets out
a joint and several promise of the defendants to pay the plaintiff
a commission if he should be instrumental in a way or ways
stated in bringing about a sale of lands or timber on lands owned
by the defendant company with which the defendant Blandin
was connected, and of which he was an agent and officer em-
powered by the company to sell the lands and the timber on the
lands in question and to employ others and especially the plain-
tiff to sell and to assist in selling the same. The count sets out
performance on the plaintiff's part and a breach of the de-
fendant's promise.

The first ground of the demurrer is that the count is argu-
mentative, on the ground that Blandin's authority is stated as a
legal conclusion from his being an officer and agent of the com-
pany. But we think the statement complained of is a statement

of the scope of the agency which the company had empowered him to exercise, and that so it is the statement of a fact and not of a legal conclusion.

The second ground of the demurrer is that the count contains inconsistent allegations in that it states that the company owned the lands and the timber and that the company and Blandin, its agent, made a joint and several promise, a thing asserted to be impossible. But it is not impossible, and the claim of inconsistency is not well grounded.

An agent may, if he will, bind himself in his individual capacity jointly and severally with his principal. Whether or not the agent Blandin did here so bind himself, must be determined on trial, where the defendants will have the benefit of whatever presumptions obtain. The allegations in the count are sufficient.

It is further claimed that the count shows no consideration for Blandin's promise. But it does, for it shows a consideration moving from the plaintiff in reliance upon the joint and several undertaking of the company and Blandin.

It is further claimed that Blandin's promise as set out is to answer for the debt of another and should be alleged to have been in writing. But the count sets out Blandin as an original promisor, and it is immaterial that it is not alleged that the consideration or any part of it, moved to Blandin. It is enough that a consideration is alleged to have moved from the plaintiff by virtue of the promise of Blandin—the joint and several promise of Blandin and the company. We have no occasion to consider and do not consider the proposition that good pleading requires that a promise to answer for the debt of another should be alleged to have been in writing when the nature of the promise appears on the face of the declaration.

The declaration contains three counts, though the third count lacks the usual introductory words "in a further plea of the case." But since it is in fact a further plea of the case, the omission is not material to any question here.

The demurrant mistook the last two counts for one, and demurred to such supposed count for reasons that are dissipated when the mistake is noticed.

*Judgment affirmed and cause remanded for trial on the merits.*