GILBERT W. BRADLEY *v.* AMOS N. BLANDIN AND SOMERSET LAND COMPANY.

Special Term at Brattleboro, February, 1918.

Present:  WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 8, 1918.

*Practice Act—Answer—Inconsistent Defences—Motion to Strike Out.*

An answer under the Practice Act should state all grounds of defence relied upon, not inconsistent with each other; and may properly be divided into separate paragraphs, although this is not essential.

Defences are inconsistent only when they cannot both be true, and the proof of one necessarily proves the falsity of the other.

If an answer, filed under the Practice Act, sets forth inconsistent defences, the better practice is to take advantage thereof by a motion to strike out.

An answer denying a contract alleged in the complaint may properly state facts explanatory of the denial, thus making the denial more fairly to meet the substance of the allegations denied, and is not open to the objection that it amounts to the general issue.

A demurrer to a part of an answer cannot be sustained unless the part demurred to, as a whole, shows no defence.

CONTRACT.  Heard on plaintiff's demurrer to the second count of defendants' answer, at the December Term, 1917, Bennington County, *Waterman,* J., presiding.  Demurrer overruled, and count adjudged sufficient.  Plaintiff excepted.

The complaint alleged an agreement by defendants to pay plaintiff a commission for effecting the sale of certain land; that

plaintiff had performed his part of the agreement, but that defendants refused to pay him the commission.

The second count of the answer was as follows:

"And for further answer in this behalf the defendants say that on or about the 25th day of May, 1910, the Somerset Land Company promised to pay the plaintiff a two and one-half per cent. commission if certain lands were sold to Finch-Pruyn & Co. of Glens Falls, N. Y., for the sum of one million dollars, that neither said lands nor timber thereon, nor any part thereof were then or ever sold to said Finch-Pruyn & Co., that no other or different contract existed between said plaintiff and said defendants or either of them, that thereafter on or about the 29th day of November, 1911, and on or about the 19th day of December, 1911, and on or about the 22d day of December, 1911, the said defendants acting in good faith notified the plaintiff in writing that the said lands including the lands mentioned in the said plaintiff's declaration and the timber thereon were not for sale, that the same were not to be offered for sale either by said Bradley, or by anyone else or by anyone acting for, with or through said Bradley; that said defendants thereby then and there acting in good faith wholly terminated and revoked any and all promises, agency, agreements, employment or authority, if any such there were then or theretofore given to or made with said plaintiff by said defendants or either of them, that prior thereto neither the said Bradley nor anyone acting for him or through him or because of him had made any sale of said land or the timber thereon, or found any customer or purchaser who would or did purchase said land or said timber thereon, and this the defendants are ready to verify. Wherefore they pray judgment if the said plaintiff ought to have or maintain his aforesaid action against the defendants."

To this count plaintiff demurred, among other grounds not insisted upon, for that it amounted to the general issue.

*Batchelder & Bates* and *Frank C. Archibald* for plaintiff.

*Harvey & Whitney, Robert E. Healey* and *Hale K. Darling* for defendants.

WATSON, C. J. This is an action of assumpsit on contract. The case (which has been here twice before, and is reported in

89 Vt. 542, 95 Atl. 894, and in 91 Vt. 472, 100 Atl. 920) is here
on plaintiff's demurrer to the so-called "second plea" of defend-
ants' answer—more properly speaking, it is the second para-
graph of the answer.

Though the action was pending at the time of the passage of
the Practice Act, the law of that act applies.   Laws of 1915, No.
90, Sec. 18.

By section 2, pleadings in defence shall consist of "(b)
An answer, which shall contain either a denial of the allegations
of the complaint or some of them; or a brief and simple state-
ment of the facts relied upon in defence."   By subdivision (c),
a demurrer may be filed, which shall distinctly specify the reason
why the pleading demurred to is insufficient.   By section 3, no
pleading shall fail for want of form, but shall be amended in
such respects at any stage of the proceeding, if the fault be
pointed out; and the sufficiency of all pleadings in this respect
shall be for the discretionary determination of the trial court.
Subdivision (d) provides for such further pleadings as may be
required, etc.; but this has reference to pleadings subsequent to
the answer.

It is very apparent that, in contemplation of the act, the
answer shall, in the manner stated, contain all the defences relied
upon.   This is in accordance with the general rule governing
pleadings under reform-procedure acts, where, as here, the
primary object of the Practice Act is to simplify and improve
practice and procedure, in civil actions.   The answer, as in
equity pleadings, should be drawn in a way stating all grounds
of defence upon which the defendant relies.   In doing this, the
answer may properly be divided into separate paragraphs, thus
distinguishing the different grounds, but this it not essential; for
all may be stated in one paragraph.   *Greenthal* v. *Lincoln*, 67
Conn. 372, 35 Atl. 266; *Freeman's Appeal,* 71 Conn. 708, 43 Atl.
185.   A limitation of the rule is, that the answer cannot contain
inconsistent defences.   But defences are inconsistent only when
they cannot both be true, and the proof of one necessarily proves
the falsity of the other.   *McKinstry* v. *Collins,* 74 Vt. 147, 52
Atl. 438; *Susznik* v. *Alger Logging Co.,* 76 Oregon 189, 147 Pac.
922, Ann. Cas. 1917 C, 700.   If the answer sets forth inconsis-
tent defences, advantage thereof should be taken by motion to
strike out, or perhaps by moving that the defendant be directed
to elect upon which of the inconsistent defences he will rely.

*Noonan* v. *Bradley,* 9 Wall. 394, 19 L. ed. 757; *Strouse* v. *Leipf,* 101 Ala. 433, 14 So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122; *Hart-Parr Co.* v. *Keeth,* 62 Wash. 464, 114 Pac. 169, Ann. Cas. 1912 D, 243. The former should seem to be the better practice, since thereby the plaintiff may be informed of the particular grounds of defence in season to prepare his case for trial accordingly.

The paragraph of the answer demurred to sets forth, as one ground of defence, that on or about the day named the Somerset Land Company promised to pay the plaintiff a two and one-half per cent. commission if certain lands were sold to Finch-Pruyn & Company of Glen Falls, N. Y., for the sum of $1,000,000, that neither said lands nor the timber growing thereon, nor any part thereof, was then or ever sold to said Finch-Pruyn & Company, that no other or different contract existed between said plaintiff and said defendants or either of them. It is said that this part of the answer amounts to the general issue. We think it does, because it is equivalent to a denial of the making of the contract alleged in the complaint; and in making such denial it was proper for the defendants to state the facts as explanatory of their denials, thus making the denial more fairly to meet the substance of the allegations denied. Thereby the plaintiff was more fully apprised of the real issue raised by the denial. The demurrer was properly overruled. *Wilmot* v. *McPadden,* 78 Conn. 276, 61 Atl. 1069; *British American Ins. Co.* v. *Wilson,* 77 Conn. 559, 60 Atl. 293. A demurrer to part of the answer (as in this case) cannot be sustained unless the part demurred to, as a whole, shows no defence.

Whether by the revision of 1917, of the statutes, the Practice Act was materially altered in any of its provisions discussed above, is not considered.

*Judgment affirmed and cause remanded.*