## A. L. MOORE v. AMOS BENTSON.[1]

October 22, 1920.

No. 21,897.

**Broker — action for commission — price for immediate sale not binding for four months.**

Certain correspondence between the owner of land and a land agent construed, and *held* not to create an agency for an indefinite term. The price quoted in January in contemplation of a present sale was not an authority to the agent to sell at the same price near the last of May.

Action in the district court for Big Stone county to recover $720 as commission on the sale of certain real estate. The answer was a general denial. The case was tried before Flaherty, J., who when plaintiff rested granted defendant's motion for a directed verdict. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Ray C. Farrington* and *Charles H. Bolsta,* for appellant.

*A. B. Kaercher,* for respondent.

HALLAM, J.

In 1919 plaintiff was a real estate broker residing at Ortonville, Minnesota. Defendant had resided in Big Stone county, Minnesota, but was then residing in Texas, and he owned a farm in Big Stone county. On January 20, 1919, plaintiff wrote defendant as follows:

[1]Reported in 179 N. W. 560.

January 20, 1919.

Mr. Amos Bentson,
Mercedes, Texas.
Dear Sir:

I have a party asking about a farm about the size of your home place, and I thought I would write and find out just what you would do about selling it now. I understand the first mortgage of $8,000 runs until March 1, 1921. Now let me know if you would carry a second one until that time, so he could get a larger one when he pays the first one up. I feel that I cannot handle it for less than $3 per acre, as I have to pay the man who brings him here. The man will hardly have enough to pay all but the $8,000.                          Yours truly,

A. L. Moore.

Defendant answered as follows:

San Benito, Texas,
January 27, 1919.

Mr. A. L. Moore,
Ortonville, Minn.
Dear Sir:

Your letter of January 20 received, and in reply will say that I will sell the home place of 240 acres for $25,000, the buyer assuming the $8,000 mortgage, pays cash $12,000, and the balance, $5,000, March 1, 1921. Or, all of the $17,000 cash, your commission of $720 to come out of the amount. Deed will be given to the property when the full amount is paid.                          Yours truly,

Amos Bentson.

On May 27, 1919, plaintiff procured a purchaser for the land at the price and on the terms mentioned in defendant's letter. Defendant refused to sell and plaintiff sued him to recover a commission on the sale. The trial court directed a verdict for defendant. Plaintiff appeals.

Plaintiff contends that the quoted letter constituted an agency for an indefinite term and that it was not terminated by mere lapse of time, but that in the absence of some action of the parties it was presumed to continue until a sale was effected. If counsel is right as to the nature of the

original agreement, the result for which he contends would perhaps follow. Clark & Skyles, Agency, § 151; Hartford v. McGillicuddy, 103 Me. 224, 68 Atl. 860, 16 L.R.A. (N.S.) 431, 12 Ann. Cas. 1083; Van Siclen v. Herbst, 30 App. Div. 255, 51 N. Y. Supp. 968; Burd v. Webster, 128 Wis. 118, 107 N. W. 23; Slagle v. Russell, 114 Md. 418, 80 Atl. 164. We think, however, plaintiff is in error as to his construction of the original contract. We cannot construe it as a listing of the land with plaintiff for sale for an indefinite term. The letter of plaintiff did not ask for anything of this sort. It stated that plaintiff had a present prospective purchaser and in view of that fact asked for a present price. This price was given. There was no suggestion that the price named was one which would hold indefinitely. The letter was written in winter. Conditions would necessarily change with the planting and growth of the new crop and might change with fluctuation in prices of farm products or in farm values. There is nothing to indicate that the parties intended that the price named in defendant's letter should hold good for so long a time as near the last of May.

Order affirmed.