JOEL J. BAILEY *et al.*

*v.*

C. W. PARDRIDGE *et al.*

*Filed at Ottawa June 12, 1890.*

1. AGENCY—*payment to agent—for goods sold by him—whether binding on the principal.* As a general rule, an agent who has the possession of goods belonging to his principal, with authority to sell, has an implied authority to receive payment for the goods when sold by him.

2. Where a traveling agent or salesman having authority to make sale of goods, but none to collect the price, takes orders from a purchaser for the shipment of goods to him by the principal, a payment to such agent for goods thus bought will not be binding on the principal. In such case, the agent, not having possession of the goods, will not be presumed to have authority to receive the price on a sale.

3. UNAUTHORIZED SALE OF GOODS — *ratification by the owner.* In case the owner whose goods have been sold without authority, sues the purchaser for the amount of the contract price for which the goods were sold, the sale, although unauthorized, will be regarded as ratified.

4. If goods are sold without authority, and the owner receives the price, or pursues his remedy for it by action at law against the purchaser, or if any other act be done in behalf of another who afterwards claims the benefit of it, this is a ratification.

5. PAYMENT—*by check.* Where a check is given for goods purchased, in the absence of an agreement that it is accepted as payment it is but a conditional payment; but when a check is accepted as cash, and payment for the goods is receipted, that may be regarded as a payment.

6. EVIDENCE—*letters of opposite party—binding upon party offering them.* Where the plaintiff in an action introduces in evidence the letters of the defendant, he will make their contents evidence against as well as for himself.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the. Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

This was an action of assumpsit, brought by J. J. Bailey & Co., merchants doing business in Philadelphia, against the defendants, merchants doing business in Chicago, to recover payment for certain goods which had been sold by one Holmes, a traveling salesman of plaintiffs, to the defendants.

It appears from the evidence, that in the month of August, 1883, Holmes called at the store of the defendants, and offered to sell a lot of samples which he then had in his possession and claimed to own.   The defendants bought the goods, and paid for them by giving Holmes a check, payable, at his own request, to Joel J. Bailey & Co. or bearer.   Holmes did not deliver the check to plaintiffs, and they never received payment for the goods.   By the terms of the contract under which Holmes was employed by plaintiffs, he had no authority to collect pay for goods sold; but defendants had no notice of that fact when they made the purchase.   Upon making the sale of the samples to defendants, Holmes reported the sale to the plaintiffs, and they made out a bill of the goods, which was forwarded to the defendants.   The defendants at once returned the bill, with notice that they had paid Holmes for the goods at the time of the purchase.   Several letters passed between the parties, resulting in a refusal of defendants to pay for the goods, and plaintiffs brought this action to recover the price of the goods.   On the trial, the court instructed the jury, that under the evidence the plaintiffs could not recover, and that the verdict must be for the defendants.

Mr. D. BLACKMAN, for the plaintiffs in error:

Everybody knows that a drummer does not carry with him the goods he sells, and that his samples are not for sale.   He

simply takes orders, and makes no sales. *Finch* v. *Mansfield,* 97 Mass. 89.

The law of agency gave Holmes no right to sell samples and take pay. *Kindley* v. *Durham,* 55 Wis. 515; *Casson* v. *Noltner,* 43 id. 646; *Whiton* v. *Spring,* 74 N. Y. 169.

The fact that the goods were plaintiffs' samples was notice that Holmes was not authorized to make an absolute sale, and of a limitation on his authority from possession. *Hirshfield* v. *Waldron,* 54 Mich. 651; *Clark* v. *Smith,* 88 Ill. 298; *Abrahams* v. *Weiller,* 87 id. 179; *Dunn* v. *Wright,* 51 Barb. 244; *Saltus* v. *Everett,* 20 Wend. 281.

The only proof of the delivery of the check to Holmes consisted of statements in letters of defendants, which plaintiffs introduce in evidence as admissions of other facts. By the ruling of the court the letters were treated as conclusive evidence of the fact of the delivery of the check. The statements were not in themselves unreasonable or improbable, nor was there anything in the nature of the transaction or in the evidence tending to impeach them. The doctrine in such cases is, that the admission, with the accompanying declaration, which serves as an answer to the admission, is to be received in evidence, and the answer is conclusive. 1 Roscoe's Crim. Ev. (8th ed.) 54, 55; *Howell* v. *Moores,* 127 Ill. 70; *Arnold* v. *Johnson,* 1 Scam. 196; *Roberts* v. *Gee,* 15 Barb. 449; *Corbett* v. *State,* 31 Ala. 329.

The agency for receiving payment must be proved. *Dutcher* v. *Beckwith,* 45 Ill. 460; *People* v. *Deams,* 92 id. 192; *Law* v. *Stokes,* 32 N. J. L. 249; *Komeman* v. *Monaghan,* 24 Mich. 36; *Butler* v. *Dorman,* 68 Mo. 298; *Seiple* v. *Irwin,* 30 Pa. St. 513; *Clough* v. *Whitcomb,* 105 Mass. 482; 89 Ill. 522.

Messrs. FLOWER, SMITH & MUSGRAVE, also for the plaintiffs in error:

The giving of a check is not payment until the check is paid. 2 Morse on Banks and Banking, sec. 544; *Phillips* v. *Bullard,*

58 Ga. 25.6; *Merrett* v. *Brackett,* 60 Me. 527; *Burkhalter* v. *Second Nat. Bank,* 42 N. Y. 538; *Taylor* v. *Wilson,* 11 Metc. 44; *Morris* v. *Kennedy,* 23 Kan. 408.

This is so even though the drawer had funds. *Everett* v. *Collins,* 2 Camp. 515; *Porter* v. *Talcott,* 1 Cow. 359.

In order to defend successfully, defendants in error should have proved a custom or usage in the trade as to the right of a commercial traveler to sell and receive pay for samples. *Kohn* v. *Washer,* 64 Texas, 131, is a case quite in point.

Messrs. BRANDT & HOFFMAN, for the defendants in error:

Where an agent is authorized to sell and is intrusted with the goods, he has an implied authority to receive payment. Story on Agency, sec. 102; *Capel* v. *Thornton,* 3 C. & P. 352; *Rice* v. *Graffman,* 56 Mo. 434; *Putnam* v. *French,* 53 Vt. 404; *Hoskins* v. *Johnson,* 5 Sneed, 470.

If a party whose goods have been sold without authority, sues the purchaser for the price, he thereby ratifies the sale. Story on Agency, sec. 259; *Cochran* v. *Chitwood,* 59 Ill. 53.

By bringing this suit plaintiffs not only ratify the sale, but also the act of their agent in accepting a check in payment. 2 Greenleaf on Evidence, sec. 519.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The question presented by this record is one not entirely free from difficulty. As to the main features of the case there is no substantial controversy in regard to the facts. Holmes had possession of the samples, and claimed authority to sell and receive the pay therefor. The defendants purchased the samples, paid Holmes for them by check, payable to Joel J. Bailey & Co. or bearer, and he delivered the goods. So far as appears, defendants acted in perfect good faith, relying upon the representations of Holmes.

We think it may be stated as a general rule of law, that an agent who has the possession of goods belonging to his prin-

cipal, with authority to sell, has an implied authority to receive payment for the goods sold. (Story on Agency, sec. 101; *Rice* v. *Groffman*, 56 Mo. 434; *Pulman* v. *French*, 53 Vt. 404; *Lumley* v. *Corbett*, 18 Cal. 495; *Capel* v. *Thornton*, 3 C. & P. 352.) In the case last cited, where goods had been sold and delivered by an agent, and he had received the pay, it is said: "There is no evidence that the defendant ever gave any order to the plaintiffs. Indeed, it is proved that the defendant only dealt with Ellsworth, who is admitted by the notice to be the agent of the plaintiffs, and if he, as their agent, had authority to sell goods, so he had, in the absence of advice to the contrary, an implied authority to receive the proceeds of such sale. The plaintiffs can not avow the acts of their agent as to one part of the transaction, and repudiate them as to another part." Had the agent, Holmes, sold defendants a bill of goods, and taken an order from them for a shipment of the goods from the house in Philadelphia, it is clear a payment to the agent for goods thus bought would not have been binding on the plaintiffs. (*Clark* v. *Smith*, 88 Ill. 298.) But this is a different case. Here, Holmes was not only clothed with the power of sale, but he had the possession of the goods, and was able to pass them over to the possession of the purchaser upon making sale, and receiving payment.

But it may be said that Holmes was not empowered by the plaintiffs to sell the goods,—that he merely held the samples as a means to solicit orders. A sufficient answer to this position is, that the acts of plaintiffs since the sale may be regarded as a ratification. Where the owner whose goods have been sold without authority, sues the purchaser for the amount of the contract price for which the goods were sold, the sale, although unauthorized, will be regarded as ratified. (Story on Agency, sec. 259; 2 Greenleaf on Evidence, sec. 66.) The latter author says: "Thus, if goods are sold without authority, and the owner receives the price, or pursues his remedy for it by action at law against the purchaser, or if any

other act be done on behalf of another, who afterwards claims the benefit of it, this is a ratification." See, also, *Peters* v. *Balleston*, 3 Pick. 495.

In the case under consideration, as soon as plaintiffs learned of the sale they made out a bill according to the contract price, presented it to the defendants, and demanded payment for the goods. This was followed by the present action in assumpsit to collect the amount for which the goods were sold. If, therefore, Holmes made the sale without direct authority, these acts of the plaintiffs, after full knowledge of the sale, may be treated as a ratification of the sale made by Holmes. The case then stands in this position: Holmes had possession of the goods, claiming the right to sell; he called on defendants, and they bought the goods; he delivered the goods, collected the pay, and gave defendants a receipt acknowledging full payment. Plaintiffs first deny authority to sell, but by their acts concede the power of sale, but deny authority to collect the pay for the goods. This they can not do. The power of sale, or the sale without authority, subsequently ratified, carried with it the implied power to receive payment. Had the sale been repudiated by the plaintiffs, and an action brought to recover the goods, a different question would arise. But that course was not pursued.

*Kohn* v. *Mosher*, 64 Tex. 131, has been cited as an authority to sustain plaintiffs' position. We do not regard the case as one in point. What was said by the court in the opinion seems to sustain the view of plaintiffs in error; but upon an examination of the case it will be found that the real point decided was, whether an instruction informing the jury that if a sale of the samples was embraced within the real or apparent scope of the agent's authority the principal would be bound by the sale, was authorized by the evidence, and the court held that it was not.

It is also insisted, that the evidence is not sufficient to establish payment of the goods. This is predicated on the position

that the giving of a check for the goods was not a payment. Where a check is given for goods purchased, in the absence of an agreement that it is accepted as payment, it may be conceded, as held in *Heartt* v. *Rhodes*, 66 Ill. 356, and *Stevens* v. *Park*, 73 id. 388, that the check is but a conditional payment. But in this case we think it is clear, from the evidence introduced by the plaintiffs, that if a check was given for the goods it was accepted as absolute payment. In one of the defendants' letters read in evidence by the plaintiffs they say: "Your Mr. Holmes sold us the samples for cash. He delivered us the goods and got our check, payable to Joel J. Bailey & Co. or bearer. We had bought a sample line of lisle and ass't gloves two weeks previous to this lot, and paid him the cash for same, as he sold them to us for cash,—the both lots. He made out the bills, and we have receipts for same." If it be true that a check was given, as intimated in this letter, and it was accepted as payment, and a receipt given showing full payment, nothing more was required to establish *prima facie* payment. (2 Moore on Banks on Banking, sec. 546.) In another letter of later date, which plaintiffs read in evidence, will be found the following: "The goods referred to were bought * * * from your agent, Mr. Holmes, who had them in his possession, and were paid for in cash on delivery, as agreed on at the time of purchase; and all this was done in perfect good faith." This letter was sufficient to establish the fact that cash was paid for the goods on delivery. These letters were offered in evidence by the plaintiffs, and they were bound by the contents, and, under either, the fact of payment may be regarded as established.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, dissenting.