Elizabeth Leonard *vs.* New England Mutual Life Insurance Company.

PROVIDENCE—MARCH 25, 1901.

Present : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Life Insurance. Pleading and Practice. Judgment non obstante veredicto.*

In a suit upon a policy of life insurance, the issues were the general issue and a special issue tendered by the plaintiff "that the insured did not sign the application *after* it was reduced to writing." The jury found for the plaintiff, with a special finding sustaining the issue tendered. The defendant moved for judgment *non obstante veredicto*, on the ground that by the special finding it appeared that there was no sufficient application as a consideration for the policy, wherefore the defendant was entitled to judgment upon the general issue. Upon petition for new trial, upon the refusal of the motion and upon the ground that the verdict was against the evidence :—

*Held*, that the defendant, by insisting at the trial upon the special issue to the exclusion of other testimony in ·support of the general issue, had waived the other grounds of defence.

(2) *New Trial. Pleading and Practice.*

*Held*, further, that while the issue tried did not directly bear upon the merits of the case, it was not a sufficient ground for new trial when the defendant set up the issue and insisted upon it.

(3) *Insurance. Warranties. Agency.*

An application for life insurance provided that the medical examiner should put the questions and fill out the answers in his own handwriting. The jury found that the insured did not sign the application *after* it was reduced to writing. On motion for judgment *non obstante* on the ground that by this finding it appeared that there was no sufficient application as a consideration for the policy, wherefore the defendant was entitled to judgment upon the general issue :—

*Held*, that as the answers were required to be written by the company's own officer, making him the agent of the company for this purpose, and

as the jury found that the answers were not written in before the application was signed, there was no finding that the answers as written were the answers of the insured, hence no contradiction of a warranty, for there was no warranty; and as the answers were given to the only person authorized to receive them, and there was nothing to show that the answers as given were false, the verdict was correct.

ASSUMPSIT on a policy of life insurance. The defendant pleaded the general issue and a special plea in bar, setting forth that the policy was issued upon an application in writing made by the insured and by him signed ; that in said application it was stated that the answers were in all respects true and were warranties, and were made a part of the contract and a consideration for any insurance ; that the insured was asked in the application the following question : "What was the age at death, cause of death, and duration of final illness of each of the following persons deceased ?" "How many sisters ?" Answer, "two," "one year, drowned in tub of water. One died in infancy ;" that said answers were false, because the insured had two other sisters that died of acute phthisis. The replication averred that the insured did answer all questions fully and truthfully, and that he informed defendant's medical agent of the deaths of all his sisters ; that his sisters mentioned in the plea did not die of phthisis ; and that "the company at or about the same date of said policy issued a policy upon the life of one O'Connor, of Worcester, on an application wherein it stated that several of the brothers and sisters of said O'Connor died of consumption." The rejoinder averred that "the plaintiff ought not to be admitted to plead the said replication, or so much thereof wherein she says that said insured did inform the defendant's medical agent of the death of all the sisters, because it says that after said answers contained in said application were reduced to writing the insured signed the same and in and by said application declared the same to be warranties in all respects full and true." The surrejoinder averred that "the said insured did not sign said application after it was reduced to writing," and tendered issue.

The jury found for the plaintiff, with a special finding that the insured did not sign the answers to the questions put by

the medical examiner as part of the application for the policy in suit *after* it was reduced to writing.

After verdict, defendant moved for judgment *non obstante veredicto*, because by the special finding it appeared that the answers to the questions of the medical examiner were not signed by the insured after they were reduced to writing; wherefore for want of any sufficient application as a consideration for such policy, the defendant was entitled to a judgment upon the general issue. The motion was denied. Heard on petition of defendant for new trial. New trial denied.

For previous opinion in this case, see 22 R. I. 130.

(1)    STINESS, C. J.    An insurance company may set up false warranties in an application as a defence to a policy, or it may waive them and accept its liability, notwithstanding such warranties. In this case the defendant, ignoring its plea of the general issue, insisted at the trial that the only issue, as a result of extraordinary pleadings, was the question whether the application was signed by the insured after the answers to questions put by the medical examiner were reduced to writing. The jury found that it was not signed after the answers were reduced to writing.

The defendant claimed that everything else was admitted, and even objected to the proof of death of the insured. The insistence upon that one point and going to trial upon it to the exclusion of other testimony, and taking the chances of a verdict, amount to a waiver of other grounds of defence.

There was ample testimony to support the special finding, so that the only question now is its effect. That the finding (2) is upon a remotely material issue is obvious. If the defendant had been compelled to go to trial upon that issue alone, or had demurred to the pleadings and the demurrer had been overruled, as in *Weldon* v. *Wood*, 9 R. I. 241, the case would have stood on a different ground. But when the defendant tenders an issue upon which a trial is had, he cannot be heard virtually to say: " My pleading was wrong ; it amounted to nothing ; and by reason of misleading the court into the trial of such an issue, I am now enti-

tled to a new trial." The fact, therefore, that the issue tried did not directly bear upon the merits of the case is not a sufficient ground for a new trial, when the defendant itself set up the issue and insisted upon it. Taking the issue, then, as found, the insured did not sign the answers to the questions put by the medical examiner as a part of the application for the policy in suit after they were reduced to writing. (3) Hence, they were no part of his application. Admitting this, the defendant claims that, as the application was made a part of the policy, there was no consideration for the policy. This does not follow. There are other parts of the application to which no objection was made. But if it be taken as a whole, the part involved in the pleadings is a part which is required to be written by the company's own officer. The application says: "The medical examiner will put the following questions and fill out the answers in his own handwriting." This clearly makes the examiner the agent of the company for this purpose. The insured could not write his answers if he would. The company takes this part of the application out of the hands of the applicant and writes the answers as with its own hand. In this respect, therefore, this case differs from those cited by the defendant. In *Reed* v. *Equitable Co.*, 17 R. I. 785, the insured claimed that a statement to the agent who procured the insurance contrary to the application, was a notice thereof to the company, but, following the settled law of this State, the court held that it was not. In *Jarrett* v. *John Hancock Co.*, 18 R. I 754, the insured had previously applied to the same company for insurance and had been rejected. In the second application there were misrepresentations, and the plaintiff claimed that because the medical examiner was the same at both times, the company was charged with knowledge of the first application, although it appeared that the medical examiner did not know that the first application had been rejected. The court held that there was no waiver of the misrepresentation. Defendant further claims, under the decision in *New York Life* v. *Fletcher*, 117 U. S. 519, that it was the duty of the insured to read over the answers before signing ; but the finding in this case was that

the answers were not written out at the time of signing, and it does not appear in that case, as it does in this, that the medical examiner was required to write out the answers him-self.   The insured in the present case did not make use of an agent of limited authority to write out his statement for him, adopting it as his own by signing it, nor does it appear that the statements to the examiner were false.   The defendant sought to have it so appear by special finding that the answers were written in before the insured signed the paper, but the jury having found to the contrary, there is no find-ing that the answers, as written, were his answers; hence, there is no contradiction of a warranty, for there was no warranty.   Neither is there any implication of authority in an agent to falsify answers, since it does not appear in the case whether the answers as given were true or false.

The defendant, having admitted everything inconsistent with the claim that the paper was signed after the answers were written, has thereby admitted that there is no other ground of objection to them.

But, in any view, the answers were given to the only per-son authorized by the company to receive them, which is equivalent to giving them to the company itself.   If they were correctly given, as must be assumed in this case, and mistakenly or willfully written wrong, the application having been accepted in blank, the fault would lie with the defend-ant and not with the insured.   In view of the facts, there-fore, that the application was signed without written answers to the medical part; that it was handed to the expressly authorized agent of the company to receive both the answers and the application; that there is nothing to show that the answers as given were false; and that under the terms of the application the examiner was acting for the company and not for the insured in writing down the answers, we see no valid ground of objection by the defendant to the verdict, and no error in the rulings of the court.

Petition for new trial denied.

*Hugh J. Carroll & Irving Champlin*, for plaintiff.
*Edward D. Bassett*, for defendant.