SMITH v. BROWNE.

(Filed April 21, 1903.)

1. AGENCY—*Declarations—Principal and Agent.*

The declarations of an agent are not competent to show his agency.

2. AGENCY—*Brokers—Evidence.*

The letter to a real estate agent from the owner, set out in the opinion in this case, does not show that the agent had authority to receive purchase money.

3. AGENCY—*Contracts—Parol.*

The parol authority to negotiate a sale of real estate does not imply authority to receive payment therefor.

4. AGENCY—*Contracts—Parol.*

The authority of an agent to sell real estate need not be in writing.

ACTION by T. T. Smith, Jr., against W. T. Browne, heard by Judge *Thomas A. McNeill* and a jury, at October Term, 1902, of the Superior Court of GUILFORD County. From a judgment for the plaintiff, the defendant appealed.

*King & Kimball,* for the plaintiff.
*John A. Barringer* and *L. M. Scott,* for the defendant.

MONTGOMERY, J. The plaintiff brought this action to compel specific performance of an alleged contract entered into with him by Sturgis & Co., the agents of the defendant. It is declared in the complaint that Sturgis & Co., known as real estate agents in the city of Greensboro, were authorized and empowered by the defendants to sell the lot of land described in the complaint and that the plaintiff bought the same from Sturgis & Co., acting as the agents of the defendant, and paid to them the full value of the lot ($300), and that the defendant has refused to make a deed to the plaintiff to the lot. The defendant in his answer admits that he owned the lot of land and that he put it in the hands of

Sturgis & Co., that they might find for him a purchaser, and report to him in case they were successful; but he denied that he gave to them any authority to sell the property or to enter into any contract concerning it or to receive any money upon any contract concerning its sale. The agency was entirely in parol. The agents, however, executed and delivered to the plaintiff a receipt as follows, dated Greensboro, September 12, 1900: "Received of Thomas T. Smith, Jr., $300 in full payment of lot No. 22, of the McMahon plat No. 2. Deed to be delivered to him for house complete, turnkey job, and the said lot when the house is complete. One hundred dollars additional to be paid when house is raised, and the balance of $506 to be paid when the house is in tenantable condition. It is distinctly understood that Mr. Smith is to pay only for house and lot complete the sum of $900, the $6 being for fence, as per note on plan." Signed, L. H. Sturgis & Co.

On the trial the plaintiff undertook to prove that Sturgis & Co. were the authorized agents of the defendant to sell the land. He offered himself as a witness to show the agency through the declarations of Sturgis, which evidence his Honor properly refused to receive. The plaintiff then, for the same purpose, introduced over the defendant's objection a letter from the defendant to Sturgis & Co., dated Blowing Rock, N. C., September 17, 1900, and addressed to L. H. Sturgis & Co., at Greensboro, N. C., which is as follows: "Dear Sirs:—Yours of the 13th instant has been forwarded and received here, but you have not said whether that $265 is the net amount or includes your commission. I had hoped that you could have gotten at least $300 for it, as you thought it should bring $325. Please let me have full information about the matter, and when the deed should be made out, as I may be out of the State again on my usual fall trip South, and please send me a blank deed or two, with name and resi-

dence of purchaser, and all necessary information.   Address here.   Yours very truly, W. G. Browne."

We think the letter was not only no evidence of the agency as claimed by the plaintiff, but that it was clear evidence going to show the truthfulness of the matter averred in the defendant's answer on that question.   The letter, when considered together with the receipt which the defendant passed to the plaintiff, makes it clear that the defendant had received no information from Sturgis & Co. about the complications of building the house, etc., on the lot.   Another thing is clear from the letter, and that is, that the real price for which the lot had been sold was not communicated to the defendant, nor was the net amount for the defendant separated from commissions.   It also appears that the money was not sent by Sturgis & Co. to the defendant, and that the defendant did not anticipate that it would be sent or paid until the deed should be made by the defendant and forwarded.   Besides, as a matter of law, under the most favorable aspect of the evidence for the plaintiff, Sturgis & Co. were not authorized to receive the money for the lot of land.   The authority of Sturgis & Co., if it extended to the power to make sale of the land, was only in parol, and under such authority they could not receive payment for the land.   1 Am. & Eng. Enc. of Law, p. 1008, and the authorities there cited.   There are a few authorities which apparently are to the contrary, but upon a close investigation it will be seen that the conflict is only apparent.   As for instance, in *Johnson v. McGruder,* 15 Mo., 365, the agent was authorized to sell the land and loan the purchase money, and the court held that the express power to loan clearly implied the power to receive the purchase money.

It is not intended to be said in this opinion that it is necessary that the authority of an agent to sell the real estate

of an owner must be in writing.    Such is not the law.    *Black-nall v. Parris,* 59 N. C., 70; 78 Am. Dec., 239.

There was error in the refusal of his Honor to dismiss the action at the request of the defendant.

New Trial.