PROBATE COURT, FOR THE BENEFIT OF ANNA G. SAWYER v.
JAMES C. ENRIGHT.

October Term, 1906.

Present: TYLER, MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 10, 1907.

*Action On Administrator's Bond—Release—Fraud—Issue·
Limited By Pleadings—Consideration—Immaterial Find-
ing—Evidence.*

In an action against the surety on an administrator's bond for the
failure of the administrator to pay plaintiff's distributive share
of the estate, the plea was that, by a release under seal, plaintiff
discharged defendant from that liability. The replication was that
the release was without consideration, and that by misrepresenta-
tions as to its import, defendant's agent induced plaintiff, who was
an ignorant woman, to sign the release. *Held*, that the findings
that no actual misrepresentation was made; that plaintiff is a
person of little education and limited intelligence; that the paper
was read to her, but without any explanation of its import, and
she signed it believing that it was in the nature of a receipt for a
payment to be afterwards made, and that "to this extent" there
was passive fraud; do not amount to a finding of actual fraud, in
the absence of any finding that either defendant or his agent
understood, or ought to have understood, that plaintiff was lack-
ing in intelligence, or was ignorant of the purport of the docu-
ment.

The finding that no consideration was paid plaintiff does not fully
negative a consideration, for there may have been a consideration
other than a payment to plaintiff.

The seal upon the release imports a consideration, and the finding to
the contrary cannot be considered.

A case is to be tried and determined upon the issue joined by the
parties, and evidence is to be received and applied as it bears
upon that issue.

The allegation of the plea, that the release was for a valuable con-
sideration, is immaterial; and the contrary allegation in the replica-

tion goes only to support the charge of fraud; so the fraudulent procurement of the release is the only issue made by the pleadings, and the finding that there was no consideration for the release is immaterial.

Defendant cannot be said to have consented to an enlargement of the issue, by failing to object and except to the evidence received on the question of consideration, for evidence that there was no consideration was admissible on the question of fraud.

DEBT on an administrator's bond.  Plea, a release under seal.  Replication, that the release was procured by fraud. Trial by court at the December Term, 1905, Windsor County, *Miles,* J., presiding.  Judgment for the plaintiff.  The defendant excepted.  The opinion states the case.

*J. C. Enright* for the defendant.

*Davis & Davis* for the plaintiff.

MUNSON, J.    The prosecutrix was entitled to a distributive share in the estate of her father, Lemuel A. Giles. Her brother, William H. Giles, now deceased, was the administrator.  Defendant was a surety on the administrator's bond.  The suit is upon this bond, and the breach declared upon is the administrator's failure to pay the plaintiff her share.  The plea is that the plaintiff by her deed duly signed, sealed and delivered, for a valuable consideration, released and discharged the defendant from this liability.  The replication is that the release was obtained by the fraud of the defendant and his agent, and without any valuable consideration therefor, "that is to say" that the plaintiff was an unlearned and ignorant woman, unacquainted with legal documents, terms and phrases, and that she was induced to sign the release, when ignorant of the contents of the paper, by

27

misrepresentations regarding its purport, and without reading it or hearing it read.

The release was procured by defendant's agent. It appears that the paper was read to the plaintiff, but without any explanation of its purport, that "no actual misrepresentation was made," but that the plaintiff is a person of little education and limited intelligence, and that she signed the paper believing that it was something in the nature of a receipt, covering a payment to be afterwards made. It is found that "to this extent" there was passive fraud. There is no finding that the defendant or his agent understood, or ought to have understood, that the plaintiff was lacking in intelligence or ignorant of the purport of the document. The facts reported come short of a finding of fraud.

There is a further finding that no consideration was ever paid to the plaintiff. This does not fully negative a consideration, for there may have been a consideration other than any kind of payment to the plaintiff. But conceding that the finding should receive a broader construction, the pleadings must be considered in determining the effect to be given it. It is clear that the defendant's allegation of a valuable consideration is immaterial, and that the plaintiff's allegation to the contrary goes only to support the charge of fraud. So the fraudulent procurement of the release is the only issue presented by the pleadings. The defendant cannot be said to have consented to an enlargement of the issue by failing to object and except to the evidence received, for evidence that there was no consideration was admissible on the question of fraud. So the finding that there was no consideration is outside the pleadings, and the defendant has not lost his right to object to it. A case is to be tried and determined upon the issue joined

by the parties, and evidence is to be received and applied only as it bears upon that issue. *Walker* v. *Hitchcock,* 19 Vt. 634; *Poole* v. *Mass. Mutual Accident Asso.,* 75 Vt. 85, 53 Atl. 331. The seal upon the release imports a consideration, and the finding to the contrary cannot be considered. So the case stands solely on the question of fraud, and the plaintiff having failed to sustain her replication, the defendant is entitled to judgment on his plea.

*Judgment reversed and judgment for defendant.*