DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

**DURING THE YEAR 1915.**

---

Twentieth Century Letter & Advertising Bureau, Defendant in Error, v. National Art & Crayon Company, Plaintiff in Error.

### Gen. No. 20,139.

1. MUNICIPAL COURT OF CHICAGO, § 32*—*when statement of set-off does not set up tort.* Statement of set-off in a fourth-class case setting forth that a certain person wrongfully and without authority sold certain merchandise of a certain value owned by it to the plaintiff who paid him therefor, that said person took said merchandise from the possession of the defendant without its knowledge, and that plaintiff refused to pay defendant therefor, *held* not open to objection as setting up a claim in tort in an action upon a contract.

2. MUNICIPAL COURT OF CHICAGO, § 32*—*when statement of set-off sufficient.* The formalities of pleading have been abolished in cases of the fourth class, and a statement of set-off is sufficient if it apprises the plaintiff of the nature and character of the demand against it.

3. PRINCIPAL AND AGENT, § 191*—*what not a ratification.* Statement of set-off in a fourth-class case alleging that a certain person wrongfully and without authority took merchandise of a certain value owned by the defendant and sold it to the plaintiff, collecting therefor, and that plaintiff refused to return such merchandise or to pay defendant for same, *held* not bad on the theory that

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(1)

defendant thereby ratified the wrongful act of such third person, and made him its agent.

4. MUNICIPAL COURT OF CHICAGO, § 32*—*what need not be alleged in statement of set-off.* A statement of set-off averring that a certain person wrongfully and without authority sold merchandise owned by it to plaintiff and collected therefor, and that plaintiff refused to pay defendant for such merchandise or return the same, need not allege that the goods in question were converted into money or money's worth by the plaintiff.

5. MUNICIPAL COURT OF CHICAGO, § 32*—*when statement of set-off does not claim unliquidated damages.* Statement of set-off *held* not bad as claiming unliquidated damages.

Error to the Municipal Court of Chicago; the Hon HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed April 22, 1915.

W. KNOX HAYNES and MICHAEL FEINBERG, for plaintiff in error.

CHESTER A. MACOMIC, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The Twentieth Century Letter & Advertising Bureau, a corporation, defendant in error, hereinafter called the plaintiff, brought an action of the fourth class in the Municipal Court of Chicago against the National Art & Crayon Company, a corporation, plaintiff in error, hereinafter called the defendant, to recover $808.14, alleged in the statement of claim filed by the plaintiff to be due and owing it for the use and privilege of copying the names and addresses contained in certain letters, the property of the plaintiff. The defendant filed an affidavit of merits admitting that it received merchandise from the plaintiff to the value of $714.66, but claiming that it had a set-off against the plaintiff's claim to the amount of $670, and that there was therefore due the plaintiff from the defendant $44.66. Thereafter, by leave of court, the defend-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant filed a statement of set-off (to which was attached an affidavit of defendant's claim) in words and figures as follows:

"Statement of Claim for Defendant.

Defendant's claim is for the following merchandise purchased by plaintiff from W. J. Pomeroy and by him delivered to plaintiff for which plaintiff paid to said W. J. Pomeroy the sum of $577.00. That defendant never authorized said W. J. Pomeroy to either sell said merchandise or deliver the same to plaintiff or collect said money therefor. That said Pomeroy took said merchandise without the knowledge or consent of this defendant from the possession of defendant. That immediately upon the discovery by this defendant of the unlawful and wrongful taking of said merchandise by said Pomeroy it notified the plaintiff that said merchandise belonged to defendant and demanded the same of plaintiff, but that plaintiff has refused to return the same or pay the defendant therefor; Which merchandise so delivered to the plaintiff by said Pomeroy, and the fair and reasonable market value thereof is as follows:

August 1, 1912, 7000 National Art Letters at
  $15 per thousand........................ 105.00
August 1, 1912, 8000 Martel Blow-out Protect-
  or Co. letters at $7.00 per thousand........ 56.00
September 11, 1912, 4500 Martel Blow-out
  Protector Co. letters at $7.00 per thousand 31.50
September 11, 1912, 5000 National Salesman
  Letters at $7.00 per thousand............ 35.00
September 11, 1912, 3000 National Art letters
  at $15.00 per thousand.................. 45.00
July 2, 1912, 5,500 National Art letters at
  $15.00 per thousand..................... 82.50
July 2, 1912, 45,000 Martel Blow-out Protector
  Co. letters at $7.00 per thousand........ 315.00

                           $670.00.''

The defendant also filed a demand for a jury trial. The plaintiff entered a motion to strike the statement of set-off of the defendant from the files, and the court sustained the said motion and also entered judgment

4        APPELLATE COURTS OF ILLINOIS.

Twentieth Cent. L. & A. B. v. Nat. Art & C. Co., 193 Ill. App. 1.

in favor of the plaintiff for $714, and "the court reserves for future determination and adjudication the matter of the balance of the plaintiff's demand claimed in said plaintiff's affidavit of claim and the matter of whether further costs shall be allowed herein to either of the parties to this cause. It is further ordered that the court retain jurisdiction herein and that this suit proceed as to said portion of the plaintiff's demand in dispute as if the suit had been brought therefor." This writ of error followed.

The defendant contends, first, that the court erred in striking the defendant's statement of set-off from the files and in entering judgment for the plaintiff; second, that even if it be held that the court was justified in striking the defendant's statement of set-off from the files, still the denial by the court of the defendant's motion for leave to file a new statement of set-off was a serious and prejudicial abuse of discretion; and third, in any event the court erred in entering judgment for a larger amount than $44.66— the amount admitted by the defendant's affidavit of merits to be due the plaintiff.

After a careful consideration of the defendant's first contention, we have reached the conclusion that it is meritorious and calls for a reversal of the judgment entered by the Municipal Court in this case. We see no good reason, nor has any been called to our attention by counsel for the plaintiff, why the defendant's statement of set-off should have been stricken from the files and judgment entered in favor of the plaintiff for $714.

The plaintiff argues in support of the court's action in striking the defendant's statement from the files that "the matter of set-off constitutes a tort which cannot be set off as against a contract." It is a sufficient answer to this contention to say, that even under the common-law rules of pleading, the defendant would have the right to waive the tort and to sue in assump-

sit, and we are unable to see how it can be held, under the rules governing pleadings in fourth-class actions in the Municipal Court, that the defendant's statement of set-off is predicated upon a claim in tort. The defendant did not name the form of its action nor was it obliged to. The formalities of pleadings have been abolished by statute in cases of the fourth class, and the defendant in its statement was simply obliged to apprise the plaintiff of the nature and character of the demand against it; it would not be precluded from recovering on its set-off merely because the facts alleged in its statement would support an action at common law, in some other form than assumpsit, nor would such circumstance justify the court in holding that the defendant's set-off constituted a claim in tort.

The plaintiff insists that if it be held that the defendant's statement of set-off is a waiver of the tort, then it must also be held that the said statement does not set up a good claim in assumpsit, because if the defendant in said statement relied upon the subject-matter of the tort as an implied or *quasi* contract, he would, by treating the transaction as a contract, not only ratify the sale of the goods by Pomeroy, but also the payment made to the latter by the plaintiff and, therefore, his claim in assumpsit would fail. This contention of the plaintiff is predicated upon the theory that the defendant's statement of set-off (if it is held to be a claim in assumpsit) is an election by the defendant to treat Pomeroy as its agent in the matter of the sale. We think the plaintiff misinterprets the theory of the set-off. Giving the set-off the reasonable and liberal construction that should be accorded to statements in cases of the fourth class, we find that it alleges, in substance, that Pomeroy took certain merchandise (describing it), belonging to the defendant, from its possession without its knowledge or consent and sold it to the plaintiff; that the plaintiff received the merchandise and paid Pomeroy for the same;

that immediately upon the discovery by the defendant of the said unlawful taking, it notified the plaintiff that the said merchandise belonged to it and that it had been unlawfully taken from it by Pomeroy; that the defendant demanded that the plaintiff restore the said property to it, but that the plaintiff refused to restore the same or to pay the defendant therefor, and that the fair and reasonable market value of the said merchandise (itemizing the various articles) is $670. The set-off presents a case of an owner of property, that has been unlawfully and wrongfully taken from him and sold by the wrongdoer to a third party, expressly repudiating the said sale and, as the owner of the property, demanding from the third party the return of the same or payment for it. There is a specific denial by the owner of the authority of the wrongdoer to sell the merchandise, and there is nothing alleged from which it could be held that there was a ratification of the said sale by the owner. The set-off treats the transaction, not as a sale by an agent of the defendant to the plaintiff, but as a wrongful appropriation of the goods of the plaintiff by the defendant for which it is liable to the plaintiff in assumpsit; nor was it necessary, to entitle the defendant to recover in assumpsit, that it should allege in its statement that the goods in question were converted into money or money's worth by the plaintiff. *City of Elgin v. Joslyn*, 36 Ill. App. 308, affirmed in 136 Ill. 525; *Toledo, W. & W. Ry. Co. v. Chew*, 67 Ill. 378; *Donovan v. Purtell*, 216 Ill. 629. There is certainly no good reason why a less liberal rule should be adopted in a fourth-class case in the Municipal Court. If the statement of set-off were drawn on the theory that the defendant ratified the sale of the goods by Pomeroy to the plaintiff, the case of *Bailey v. Pardridge*, 134 Ill. 188, so strongly relied upon by the plaintiff in support of its contention, would apply and would control.

The plaintiff insists that the court's action in striking the defendant's statement of set-off from the files was justified, for the reason that the set-off of the defendant "was for unliquidated damages arising out of a different transaction from that for which suit was brought, and hence was properly stricken from the files." There is no merit in this contention, as it is very clear from the defendant's statement of set-off that the damages claimed are not unliquidated.

If we are correct in the conclusions that we have heretofore expressed, it follows that the court erred in striking from the files the defendant's statement of set-off and in entering judgment for the plaintiff for $714, and, as this error requires a reversal of the judgment in this case, it is entirely unnecessary for us to notice the defendant's other contentions. The judgment of the Municipal Court of Chicago will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*