JOEL BROWN *v.* A. H. AITKEN AND ANNA M. AITKEN.

October Term, 1916.

Present:    MUNSON, C. J., HASELTON, POWERS and TAYLOR, JJ.

Opinion filed November 10, 1916.

*Evidence—Issues Raised upon Trial—Limitation of Issues— Waiver of Issues—Witnesses—Competency to Testify as to Value—Question for Trial Court—Ruling not Reviewable —Opinion Evidence as to Value—Principal and Agent— Authority of Agent to Receive Purchase Price—Question for Jury.*

No error was committed in excluding evidence as to the scope and limitation of the authority of defendants' agent, where a special verdict in a former trial of the case determined the question of agency, and where nothing was said by counsel for either side in their opening statement, and in their replies to questions of the court regarding the issues in the case, to indicate that the authority of the agent was in dispute.

Cases are tried in court upon issues joined by the parties and evidence is to be received only as it bears upon these issues.

While the issues upon which a case is tried are usually such as are made by the pleadings, counsel may, by conduct or agreement, limit them to one or more of those so made, and such limitation, unless otherwise ordered by the court, will bind them and their clients throughout the trial and will amount to a binding waiver of all issues not included.

Where a witness testified that he was familiar with real estate in a certain locality, but did not know that he was familiar with the ordinary going price of property there in dollars and cents, or that he could say just what price lots were sold for, and that he had an opinion as to the value of the particular piece of land in question, it was not error to receive his opinion as to the value.

In order to make one a competent witness as to the value of a certain piece of real estate, he must have enough knowledge of property values in the locality to enable him to form an estimate of the value of the property in question, and whether he meets this requirement is a question for the trial court, whose ruling thereon is not subject to review unless it is shown to be erroneous or founded on an error of law.

Much liberality is indulged in the admission of opinion evidence as to the value of real estate, and a "common observer" or any person who knows the property and has an opinion of its value may give that opinion in evidence for whatever the jury may deem it worth, but such witnesses do not testify as experts in a strict sense of that term.

To make one a competent witness as to value of real estate, it is not necessary that he should be engaged in buying and selling land, nor that he should have knowledge of actual sales in the vicinity.

Where a principal intrusts his agent with the possession of personal property, together with authority to sell and deliver the same, the authority to receive the pay therefor will be implied, since the principal, by his own act, clothes the agent with apparent authority so to do.

One who gives another parol authority to sell real estate, does not, as a general rule, thereby confer upon him authority to receive the price.

Where defendants' agent agreed with plaintiff as to the term of the sale of defendants' real estate to him, received a payment of $50, put the plaintiff in possession, received a second payment of $400, and later tendered to the plaintiff a deed of the premises, executed by the defendants, who lived in California, the question

whether the defendants had granted authority to their agent to receive the payments was properly submitted to the jury.

ASSUMPSIT for money had and received. Pleas, the general issue, with special pleas of set-off, payment and accord and satisfaction. Trial by jury at the September Term, 1915, Franklin County, *Butler,* J., presiding. Verdict and judgment for the plaintiff. Defendants excepted. The opinion states the case.

*C. G. Austin & Sons* for the defendants.

*McFeeters & McFeeters* for the plaintiff.

POWERS, J. The action is assumpsit for money had and received, and when the case was here before (*Brown* v. *Aitken,* 88 Vt. 148, 92 Atl. 22, Ann. Cas. 1916 D, 1152), we sent it back for a retrial on the issues undisposed of by the following special verdicts:

1. Did the defendants' agent bargain to convey the land in question to a line westerly of the elm trees, so as to include said trees? Ans. Yes.

2. Did the plaintiff before this suit was brought offer to pay the balance of the purchase price of the premises in question when the defendant should deliver to him a deed to the line claimed by him? Ans. Yes.

3. Did the plaintiff vacate the premises and restore possession thereof to the defendants within a reasonable time, under the circumstances, after the claimed breach of contract by the defendants in January 1912? Ans. Yes.

4. Did the plaintiff demand repayment of the money paid as a part of the purchase price before the service on the defendant on March 26, 1913? Ans. Yes.

Apparently, then, when the case was remanded, the questions for consideration were, (1) was the defendants' failure to convey all the land bargained for an essential breach of the contract; and (2) the damages.

When the trial under review began, counsel for the plaintiff made an opening statement to the jury in which he told them what the case was about, informed them about the special verdicts, and among other things said to them that the plaintiff

bought the place in question of Combs, the agent of the defendants, in the .fall of 1911, for $1,975, and that he paid $50 then and $400 later. When this statement was finished, counsel for the defendants made a statement of what he expected to prove, and after insisting that the proof would show that the alleged breach of the contract of sale was too trivial to be essential, told the jury that he expected to show that the purchase was made October 20, 1911, that $50 was paid down, and that on November 14, the plaintiff paid $400 more on the purchase price.

Nothing was said by either side to indicate that the authority of Combs to make the trade or receive the money was to be disputed; and the trial court was fully justified in understanding from the attitude of counsel that the only .question to be determined was the materiality of the strip of land covered by the trade but not included in the deed. Indeed, this was in · substance admitted by counsel. The court carefully inquired of counsel regarding the issues, and upon receipt of their answers stated the matter thus: "It is only a question of the legal right to rescind, and that question depends, as I understand it, wholly upon the question as to whether this strip of land was of material value,—of so much value as to amount to the essence of the contract, entitling him to rescind." To this there was no dissent.

We have been thus particular to state the circumstances under which the trial began, because they vitally affect some of the questions raised in this Court.

B. F. Combs was called as a witness by the plaintiff and. testified, without objection, that in 1911 he acted as agent for the defendants, and as such agent sold the plaintiff the premises in question, and that the plaintiff paid him thereon two payments amounting to $450. In cross-examination, the defendants sought to ask the witness about the financial condition of the defendants and the scope and limitations of his agency. This ·was excluded, and the defendants excepted.

Here was no error. The whole subject-matter of the witness' agency was outside the issue. So far as his being agent for the defendants in making the sale was determined by the first special verdict. Moreover, if anything regarding that agency in its scope or effect was open to litigation in the second trial, it was eliminated by the conduct of counsel by expressly and

impliedly limiting the issues as hereinbefore shown. Cases are tried in court upon the issues joined by the parties, and evidence is to be received only as it bears upon those issues. *Probate Court* v. *Enright,* 79 Vt. 416, 65 Atl. 530. These issues are usually such as are made by the pleadings; but counsel may, by conduct or agreement, limit them to one or more of those, and such limitation, unless otherwise ordered by the court, will bind them and their clients throughout the trial. They amount to binding waivers of all issues not included. *Asso.* v. *Speer,* 111 Ark. 173, 163 S. W. 1188; *Leonard* v. *N. E. Mut. Life Ins. Co.,* 22 R. I. 519, 48 Atl. 808; *Metlen* v. *Oregon Short Line R. Co.,* 33 Mont. 45, 81 Pac. 737. They are not in character and effect unlike an admission of fact, which is binding, unless by leave of court withdrawn. *U. S.* v. *U. S. F. & G. Co.,* 83 Vt. 278, 75 Atl. 280; *Clark* v. *Tudhope,* 89 Vt. 246, 95 Atl. 489.

Various witnesses on each side testified to the value of the strip of land here involved. John Webster, a surveyor, was one of these and testified as a witness for the plaintiff. He said that he made a survey and plan of the Aitken premises, the ones in question, and described his plan, the location of the premises, and gave other testimony. He said he was familiar with property in East Berkshire, the village in which these premises were, but when asked if he was familiar with the ordinary going price of property in that locality, replied that he did not know as he was in dollars and cents,—that he did not know as he could say just what price lots were bought and sold for in that village. When asked if he had an opinion as to the value of the strip of land in question, he replied that he had, and, subject to exception he was allowed to give his opinion of its value to the effect that if he owned the place, he should call that value of the tree on the street $100, and that its value for wood was about $10. The defendants did not then and do not now complain of this answer; they base their claim wholly upon the lack of foundation on which to predicate an admissible opinion.

It must be admitted that this witness did not show sufficient familiarity with property values in East Berkshire to make his opinion of great value as an aid to the jury; but the law does not attempt to define the amount of knowledge a person must possess in order to make him a competent witness in such cases. He must have enough to enable him to form an estimate of the value of the property in question, and whether he meets

this requirement is a question for the trial court, and we do not review its ruling thereon unless it is shown to be erroneous or founded on an error in law. *Maughan* v. *Burn's Estate*, 64 Vt. 316, 23 Atl. 583. Value is largely a matter of opinion at best, and from the necessities of the case much liberality is indulged in the admission of opinion evidence. The "common observer" may give such an opinion. 3 Chamb. Ev. §2130. Any person who knows the property and has an opinion of its value may give that opinion in evidence for whatever the jury may deem it worth. *Montana Ry. Co.* v. *Warren,* 137 U. S. 348, 34 L. ed. 681, 11 Sup. Ct. 96; *Whitman* v. *B. & M. R. R.,* 89 Mass. (7 Allen) 313. Such witnesses do not testify as experts in a strict sense of that term. *Jones* v. *Erie & W. V. R. R. Co.,* 151 Pa. 30, 25 Atl. 134, 17 L. R. A. 758, 31 Am. St. Rep. 722; *Shattuck* v. *Stoneham Branch R. Co.,* 6 Allen (Mass.) 115; *Leroy & Western Ry. Co.* v. *Hawk,* 39 Kan. 638, 18 Pac. 943, 7 Am. St. Rep. 566; *San Diego Land & Town Co.* v. *Neale,* 78 Cal. 63, 20 Pac. 372, 3 L. R. A. 83. To make them competent it is not necessary that they should be engaged in buying and selling land, nor that they should have knowledge of actual sales in the vicinity. *Leroy & Western Ry. Co.* v. *Hawk, supra; Montana Ry. Co.* v. *Warren, supra.*

It was not error to receive Webster's opinion and for the same reasons it was not error to receive the opinions of Metevier and of Dwyer.

At the close of the evidence, the defendants moved for a verdict on the ground that there was no evidence that they ever received the money sued for; and their exception to the overruling of this motion presents the most important question in the case.

If one intrusts another with the possession of personal property together with authority to sell and deliver the same, the authority to receive the pay therefor will be implied,—since the principal, by his own act, clothes the agent with apparent authority so to do. *Law* v. *Stokes,* 3 N. J. Law 249, 90 Am. Dec. 655; *Bailey* v. *Pardridge,* 134 Ill. 188, 27 N. E. 89; *Cross & Co.* v. *Haskins,* 13 Vt. 536. But one who gives another parol authority to sell real estate, does not, as a general rule, thereby confer upon him authority to receive the price. *Smith* v. *Browne,* 132 N. C. 365, 43 S. E. 915. The reason for this rule is that inasmuch as a perfected sale of real estate can be accom-

plished only by a conveyance, and authority to convey cannot be conferred by parol, the arrangement only amounts to authority to make a contract for a sale, and does not ordinarily include authority to collect the purchase price. *Mann's Ex'rs* v. *Robinson,* 19 W. Va. 49, 42 Am. Rep. 771. So, here, if Combs' connection with this transaction had terminated when he had agreed upon the terms of the sale and received the payments, the defendants claim that there was no evidence tending to show a receipt of the money by them might rest upon a sufficient foundation,—though on that question we intimate nothing. But there was other evidence before the jury that is entitled to consideration. Combs accepted one payment in October; on or about November 1, he put the plaintiff into possession; he accepted the second payment about two weeks later; and a month or more after that he came to the plaintiff tendering a deed in consummation of the trade. This deed was fully executed by Aitken and his wife, who lived in California. Combs was their son-in-law,—though we put no stress upon that fact. By thus conferring upon their agent the power and authority to complete the sale by delivering the conveyance, they clothed him, nothing further appearing, with power and authority to receive for them the price agreed upon. From these circumstances, an inference could reasonably be drawn that his authority to receive the payments had also been granted. So the question was for the jury and the motion properly overruled.

Two exceptions were taken to the charge, but we find no error in it.

*Judgment affirmed.*