JOHN S. HEFFLON *v.* JAMES E. CASHMAN.

November Term, 1917.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 8, 1918.

*Trial — Evidence — Error — Witnesses—Competency—Opinion
Evidence—Value—Preliminary Question for Trial Court.*

Where a party does not move to have evidence stricken from the record, but merely objects to its reception unless something further appears, and, after a subsequent question and answer suggested by his objection, it is stricken out by the court of its own motion, no reversible error appears.

The law does not attempt to define the amount of knowledge a person must possess to make him a competent witness as to value, except that he must have sufficient acquaintance with the subject matter to enable him to form some estimate of its value.

Whether a witness has sufficient acquaintance with the subject matter to make him competent to testify as to value is a preliminary question for the trial court, and its ruling thereon will not be revised unless shown to be erroneous or founded on an error of law.

Upon the question of the value of property, any person who knows it and has an opinion of its value may give that opinion in evidence for whatever the jury may deem it worth.

Where the question was as to the value of the use of a building for storage purposes, *held,* there was sufficient evidence by way of foundation to make the competency of the witnesses to testify on this subject a question for the trial court.

ASSUMPSIT. Plea, the general issue. Trial by jury at the March Term, 1917, Chittenden County, *Butler,* J., presiding. Verdict for plaintiff. Defendant excepted. The opinion states the case.

*Theodore E. Hopkins* for defendant.

*M. G. Leary* and *J. J. Enright* for plaintiff.

TAYLOR, J. The plaintiff seeks to recover the rent of a certain building on a lot adjoining a spur track of the Rutland Railroad Company in the city of Burlington for twenty months during the years 1911 and 1912. The building was occupied by the defendant or his lessee, the Texas Oil Company, for the storage of gasolene. The only disputed question was as to the amount to be paid as rent, the defendant claiming an express contract for a rental of three dollars per month and the plaintiff claiming that the rent was not fixed in the contract and that he was entitled to recover what the premises were reasonably worth for storage purposes. The trial was by jury with verdict in accordance with the plaintiff's claim.

The defendant briefs three exceptions taken during the trial. The evidence tended to show that the defendant sublet the storehouse to the Texas Oil Company in February, 1912. The plaintiff called the defendant as a witness and, "for the purpose of testing his opinion" of the fair rental value of the building, asked him what he received a month from the Texas Company for the use of the storehouse. Defendant's counsel interposed an objection that the evidence was immaterial; but the defendant answered "fifteen dollars," without waiting for the court's ruling. To the question, "Was that a reasonable rental for it?" defendant's counsel objected that it did not appear "whether that was for additions and improvements to the building and be-

cause the price he got is not controlling on the rental value of the building,'' adding, ''For these reasons we object as to the amount he received until it appears whether it was the same thing he rented from Hefflon,'' The court directed that the answer stand subject to the defendant's exception. The very next question brought out the fact that the defendant had made changes and repairs before subletting the premises, and thereupon the court, of its own motion, ordered the answer as to rent stricken out and directed the jury to disregard it. Nothing appears to justify a reversal on account of this incident. The answer, if objectionable, got upon the record through the defendant's own fault. His counsel did not ask to have it stricken out, but objected to it unless something further appeared. Plaintiff's counsel promptly pursued the inquiry suggested in the objection, with the result that the defendant got all that, in the circumstances, he could have asked for. The cases cited by the defendant to the effect that error in the admission of evidence is not cured by directing the jury to disregard it are not in point. As the answer went out, we have no occasion to consider its admissibility.

The remaining exceptions challenge the admissibility of the opinions of certain witnesses as to the rental value of the premises and present substantially the same question. The objection was that a sufficient basis for the expression of the opinion had not been shown. A similar question was before the court in *Brown* v. *Aitkin*, 90 Vt. 569, 99 Atl. 265, where the cases are collected and the rule applicable to this case is restated. It is enough to say that the law does not attempt to define the amount of knowledge a person must possess to make him a competent witness of value, except that he must have sufficient acquaintance with the subject matter to enable him to form some estimate of its value. Whether he meets this requirement is a preliminary question for the trial court and we do not revise its ruling thereon unless it is shown to be erroneous or founded on an error of law. For example, where the question is the value of property, any person who knows it and has an opinion of its value may give that opinion in evidence for whatever the jury may deem it worth. Here the opinions admitted were as to the value of the use of the building for certain purposes, which involved, not so much its value as a structure, as the convenience of its location and its adaptability to that use. One of the witnesses had resided in Burlington for many years and had been in the trucking business

for about three years, drawing goods from the Rutland Railroad to different parts of the city and the surrounding country.  He had had occasion to rent storehouses and knew the expense of unloading from a car to a storehouse.  He knew the location of plaintiff's storehouse but never had been inside the building— couldn't say how good it was.  He knew it was suitable and well located for storing drums of gasolene—the use to which it was put.  The other witness was a long-time resident of Burlington engaged in the wood and coal business.  He knew the location of the storehouse and had been in the building.  Said he had an opinion of its rental value, though he had never rented a storehouse along the lake front.  There was some evidence by way of foundation in the case of each, enough to make their competency to testify as to value a question for the trial court.  The exceptions cannot be sustained.

*Judgment affirmed.*