George Scruggs and George P. Hieronimous, trading as Scruggs & Hieronimous, Appellants, v. Ann Wood et al., Appellees.

1. SALES, § 298*—*when seller cannot maintain replevin on nonpayment of check given by purchaser.* Replevin did not properly lie to recover an automobile sold to a woman and given by her to another, where before accepting the check given in payment, but which was never paid, plaintiffs made investigation as to such woman's financial responsibility and stated that they were satisfied with it, and where they made a bill of sale to defendant at the purchaser's request upon her informing plaintiffs that she desired to give it to defendant, and, where plaintiffs stated in the bill that they had accepted the check in question, in payment.

2. APPEAL AND ERROR, § 1748*—*when judgment will be affirmed.* Where after striking out all the evidence complained of there is sufficient to sustain the judgment, it will be affirmed.

3. PAYMENT, § 5*—*by check.* While the rule is that a check is only presumed to be a means of payment, it may be shown that a check has been accepted as absolute payment.

4. SALES, § 170*—*when seller accepting check is not unpaid seller within Uniform Sales Act.* Clause b of section 52, of the Uniform Sales Act [Call. 1916 Stat. ¶ 10021(55)], providing that a seller of goods is to be deemed an unpaid seller within the act "when a bill of exchange or other negotiable instrument has been received as conditional payment, and the condition * * * has

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

been broken by the dishonor of the instrument, the insolvency of the buyer, or otherwise," had no application where a check was received as payment for an automobile, after the investigation of the purchaser's financial condition by the seller, and his satisfaction with it.

Appeal from the Circuit Court of Pulaski county; the Hon. A. W. Lewis, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed November 7, 1919. Rehearing denied December 13, 1919.

Charles L. Rice, for appellants.

Wall & Martin and C. S. Miller, for appellees.

Mr. Justice Eagleton delivered the opinion of the court.

The appellants, George Scruggs and George P. Hieronimous, partners as Scruggs & Hieronimous, were engaged in selling automobiles at Mounds, Illinois, during the winter of 1916 and 1917.

Mrs. Ann Wood was an aged lady in very poor health living with the appellees, Mr. E. W. Parks, who was her nephew, and Mrs. E. W. Parks, his wife, near Mounds. Mrs. Wood's condition was such that she required considerable personal care and Mrs. Parks had been giving her the care she needed for quite a while.

Appellants heard that Mrs. Wood wanted to buy an automobile and made several trips to the Parks' home to see her about buying from them. On December 28, 1916, they sold an automobile for $575, and a check was given by Mrs. Wood on a bank at Cairo, Illinois, for the purchase price.

Shortly after the check was given appellants, they placed the check in a bank at Mounds for collection and in a few days it was returned unpaid.

Some time in February, 1917, appellees placed the automobile in the garage of appellants for repairs

and on February 8, 1917, the writ of replevin in this case was sued out by the appellants.

Prior to the trial of the case in the Circuit Court, Mrs. Ann Wood died and her death being suggested in the record no further proceedings were had with refrence to her.

No pleas were filed by E. W. Parks nor was any default taken against him.

Mrs. E. W. Parks filed two pleas to the declaration. The first one being a plea of *non cepit* and the second a plea of property in the defendant. A replication was filed by appellants to the second plea averring property in appellants and issues were joined.

A jury was waived and the cause tried by the court. Before the entry of final judgment certain propositions were offered by the appellants to the court to be held as the law applicable to the issues involved, all of which were so held by the court.

After hearing the evidence the court found the issues in favor of the appellees and entered a judgment against the appellants for the return of the property and for costs to which finding and judgments appellants excepted.

It is argued by appellants that the check of Mrs. Wood was given as a conditional payment for the automobile and the check being dishonored by nonpayment the title to the automobile did not pass and that the appellees are not innocent purchasers for value without notice. On the other hand, it is argued by appellees that the automobile was purchased by Mrs. Wood for Mrs. Parks and the check accepted by appellants as absolute payment for the automobile.

Counsel for appellants urge that this action is controlled by the Uniform Sales Act and various provisions of that act are cited in support of their position. The portions of that act necessary to be considered are as follows:

"Section 52 (1) The seller of goods is deemed to be

an unpaid seller within the meaning of this act—

"(a) When the whole of the price has not been paid or tendered.

"(b) When a bill of exchange or other negotiable instrument has been received as conditional payment, and the condition on which it was received has been broken by reason of the dishonor of the instrument, the insolvency of the buyer, or otherwise." Call. 1913-1916 Stat. ¶ 10021(55), page 1507.

Clause (b) above quoted applies only in case a bill of exchange or other negotiable instrument has been accepted as conditional payment. This clause is not different from the rule at common law as applied to the sale of personal property, other than commercial paper. The Supreme Court in discussing the rule as it existed at common law used this language:

"It is not contested, in argument, that the law is where personal property, other than commercial paper, is, by contract, sold for cash, to be paid on delivery, the delivery and payment are concurrent acts, and, therefore, if the goods are put into possession of the buyer in expectation that he will immediately pay the price, and he does not do it, the seller is at liberty to regard the delivery as conditional, and may at once reclaim the goods. * * * An attempted payment by a draft or check which is dishonored is no payment. * * * And in such case trover lies for the recovery of goods, possession of which is obtained by such attempted payment." *Canadian Bank of Commerce v. McCrea,* 106 Ill. 281.

While the rule is that a check is only presumed a means of payment, it may be shown that a check has been accepted as absolute payment. That rule has been recognized by the Supreme Court of this State in *Bailey v. Pardridge,* 134 Ill. 188; and *Strong & Wiley Bros. v. King,* 35 Ill. 9. The same rule is announced in Daniel on Negotiable Instruments (4th Ed.) sec. 623.

In *Strong & Wiley Bros. v. King, supra,* the Su-

preme Court held as follows: "Although the bare reception of a check will not usually be considered as payment, but simply as a means of obtaining payment, still it may be shown that the check was, in fact, received as absolute payment.   The fact may be established by showing an express agreement to that effect, or by showing such circumstances as will satisfy the mind that such was the understanding of the parties at the time the check was taken."

It follows that it is necessary to determine whether the check given by Mrs. Wood was accepted as payment or as a means of payment.   The trial court heard the witnesses testify and under these conditions a court of review will not disturb the judgment unless it is manifestly against the weight of evidence.

The appellees testified in substance that prior to the purchase of the automobile they told appellants that Mrs. Wood intended to purchase an automobile and for appellants to investigate Mrs. Wood's financial condition and if they were satisfied with it to bring one out.   That appellants came several times to the home of appellees and brought an automobile with them which they demonstrated on several occasions and that appellants repeatedly stated to appellees that they had investigated Mrs. Wood's financial condition and were satisfied with it.   That finally Mrs. Wood became satisfied with the automobile appellants were trying to sell and gave her check for the purchase price. Shortly thereafter appellants brought the automobile out to deliver it and Mrs. Wood stated to appellants that she wanted Mrs. Parks to have it as part pay for her services in caring for her, and that pursuant to that request appellants made out a bill of sale and delivered it and the car.

The bill of sale given by appellants to Mrs. Parks is as follows:

"Mounds, Illinois, Dec. 30th, 1916.
"We have this day sold to Mrs. E. W. Parks one

Maxwell car. Consideration five hundred seventy-five dollars, and accepted Mrs. Ann Wood's check for payment of same.

> Scruggs & Hieronimous
> By George H. Scruggs.''

Mrs. Susan A. Parks testified in substance that she was present at the time the trade was made, that she was the mother of E. W. Parks and that appellees told appellants to investigate the financial condition of Mrs. Wood and that appellants told appellees that her check was perfectly good. ''That the bill of sale went on the trouble of Mrs. Parks as part pay.''

Margaret Hagan testified in substance that appellants promised her $25, if she would help make the sale. That appellants said they had investigated Mrs. Wood's standing.

B. J. Hagan testified in substance that some time after the sale he asked Scruggs how things were and that Scruggs said he ''hadn't got the money yet, but he wasn't bothered about it.'' He said he had investigated.

The appellants testified that the appellees represented to them that Mrs. Wood had the money in the bank and that they relied on that statement and made the sale to Mrs. Wood.

There was but one other witness called by appellants and he testified that he served the papers in the case on the appellees and that at that time Mrs. Parks wondered why they wanted to push them for the money, that Mrs. Parks said that Mrs. Wood had the money in the bank.

It cannot be reasonably said that the finding of the court on this record is against the manifest weight of the evidence.

It is complained that the court erred in the admission of evidence. The evidence above recited was competent, and striking out all the evidence com-

plained of leaves sufficient evidence to sustain the judgment of the trial court.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*